STATE OF CONNECTICUT *v.* WILLIAM J. SMITH, JR.

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, JS.

Argued February 13—decided May 8, 1962

*William Singer,* with whom, on the brief, was *I. Albert Lehrer,* for the appellant (defendant).

*John D. LaBelle,* state's attorney, with whom, on the brief, were *J. Read Murphy* and *George D. Stoughton,* assistant state's attorneys, for the appellee (state).

SHEA, J. The defendant was arraigned on an information containing three counts. In the first and third counts he was charged with indecent assault. The second count charged him with placing a child under the age of sixteen years in such a situation that his morals were likely to be impaired, in violation of § 53-21 of the General Statutes. The case was tried to the jury. The defendant's motion to dismiss the information was granted as to the

first and third counts but denied as to the second count, and, on that count, the jury returned a verdict of guilty. To a second part of the information charging the defendant as a second offender under § 54-118 of the General Statutes, the defendant pleaded guilty and was sentenced by the court. The defendant moved to set aside the verdict but later withdrew the motion. He appealed from "the verdict rendered . . . and the sentence of the Court." The appeal was not taken from the final judgment in strict accordance with the language of § 52-263 of the General Statutes. However, in a criminal case the imposition of the sentence is the judgment of the court. *State* v. *Lindsay*, 109 Conn. 239, 243, 146 A. 290; *State* v. *Vaughan*, 71 Conn. 457, 458, 42 A. 640. We shall, therefore, treat the appeal as one taken from the final judgment.

The defendant has assigned error in several respects. The claims of error in the finding and in the charge to the jury have not been pursued in the brief, and they are therefore considered as abandoned. *West Realty Co.* v. *Ennis*, 147 Conn. 602, 603, 164 A.2d 409. The defendant gains nothing from the claim that the verdict was contrary to the weight of the evidence. *State* v. *Lougiotis*, 130 Conn. 372, 375, 34 A.2d 777; *King* v. *Travelers Ins. Co.*, 123 Conn. 1, 3, 192 A. 311. The claim that the court erred in denying the defendant's motion to dismiss the second count of the information will not be considered, since the denial of such a motion is not properly assignable as error. Maltbie, Conn. App. Proc. § 212. The remaining claims of error relate to the admission of evidence.

Included in the claims of proof are the following facts which are pertinent to our consideration of the evidential rulings: In the summer of 1959, the

defendant met a fourteen-year-old boy through the boy's grandmother, who was employed by the defendant in a rooming house in Hartford. The parents of the boy had been divorced in Florida while he was in Connecticut. The defendant, without anyone's permission, took the boy to live in a single-family house in West Hartford. The house was under the control of the defendant and was occupied by him and by other men as boarders. The defendant registered the boy in school and falsely represented that he was the boy's uncle. The boy attended school in West Hartford from September 15, 1959, to April 1, 1960. During this period, he was frequently absent from school and was tardy several times. Although his intelligence test score was average, his performance record in school was below his indicated intelligence potential. The defendant signed the boy's report cards. Drinking parties were held at the house, and the boy attended them with the defendant. On one occasion he was given beer. At one of these parties, there was heavy drinking, and girls became drunk and were taken into bedrooms. The defendant called the boy harsh names, used profane and vulgar language in his presence and struck him. The boy was the victim of an indecent assault by one of the boarders. At another time, the boy saw one of the men committing an unnatural act on his own person.

The claims of error in rulings on evidence are the sole questions to be considered. In two instances, after the court made its rulings, no answers were given to the questions to which objection had been made. Consequently, if there was error in those rulings, it was harmless. At another time, the defendant gave no reason to support his objection to a question. Since no ground was urged by the state

in support of its admissibility and no ground of objection was stated, we do not consider the ruling. *Casalo* v. *Claro,* 147 Conn. 625, 629, 165 A.2d 153. The defendant also objected to a question, asked of the boy on his direct examination by the state, as to who had charge of the house where he lived. The objection, based on the ground that the question called for a conclusion, was properly overruled, since the witness was simply called on to give his own observations. The defendant took exception to the admission of evidence of conversations between himself and the school authorities when the boy was registered in school. The claim that these conversations were not admissible because no crime had been proven has no merit. The evidence was proper to show that the defendant had assumed custody and control of the boy. Nor is there any merit to the claim that the school records pertaining to the boy's courses, attendance, marks and intelligence tests were not relevant to the case.

Finally, the defendant claims that the court erred in overruling his objection to a question asked of the boy concerning his observation of the activities of one of the boarders in the house. The objection was based on the ground that the evidence was irrelevant to the issues. The state was clearly entitled to elicit from the witness a description of the conditions and environment in which he lived. His situation in the house and the events which took place there had an important bearing on the question whether the defendant had placed a minor child in such a situation that his morals were likely to be impaired. The court did not err in admitting the evidence, and the objection was properly overruled.

There is no error.

In this opinion the other judges concurred.