STATE OF CONNECTICUT *v.* CHARLES COLLA, JR.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE NO. MV 12-3678

Argued May 11—decided July 18, 1962

*Lester Katz,* of Hartford, for the appellant (defendant).

*Eugene T. Kelly,* prosecuting attorney, for the appellee (state).

KINMONTH, J. The information charged the defendant with the crime of speeding in violation of § 14-219 of the General Statutes, and as a result of a verdict and judgment of guilty he takes this ap-

peal, assigning error in the court's denial of his motion to dismiss and in the charge.

The claim that the court erred in denying the defendant's motion to dismiss will not be considered, since the denial of such a motion is not properly assignable as error. *State* v. *Smith,* 149 Conn. 487, 489; *State* v. *Murphy,* 124 Conn. 554, 567; Maltbie, Conn. App. Proc. § 212.

The state offered evidence to prove, and claimed to have proved, the following facts: On October 25, 1961, at about 12:20 p.m., the defendant was clocked by radar going seventy miles per hour in a posted fifty mile per hour zone on route 2, Glastonbury. The assignment of error based on the charge involves the court's instruction as to radar. The defendant's claim, as stated by his counsel and repeated in his brief, is that the court "instructed, in effect, that if the radar was performing properly they should assume the reading of 70 miles per hour was the correct speed of the accused," and that the court should have charged that the jury could disbelieve the theory that radar can show speed. The defendant made no requests to charge. See Maltbie, Conn. App. Proc. § 106. The court charged, among other things: "[I]f you find it to be functioning properly and operating in a proper fashion and that it had its accuracy tested within a reasonable time before and after its use, then you would have, I would assume, no difficulty in concluding that the speed at which the accused was operating was seventy miles per hour."

This charge, considered in connection with the court's further instruction, which followed immediately, that the jury were "to find out and to decide as a fact what the speed was," and that if they found that the radar was not operating properly they could disregard such radar testimony, ade-

quately left to the jury, for their determination as a fact, the speed the defendant was traveling. It has become common knowledge that radar can show speed, and it is for the trier—court or jury—to believe or disbelieve the testimony in regard to its accuracy.

Repeatedly, the court emphasized in the charge that the state must prove beyond a reasonable doubt every essential element of the offense. The charge is to be read as a whole, and error cannot be predicated upon detached sentences or portions. So considered, the charge adequately protected the rights of the defendant. *State* v. *Murphy,* 124 Conn. 554, 566; *State* v. *Hayes,* 127 Conn. 543, 585; *State* v. *Johnson,* 139 Conn. 89, 93. The instruction complained of did not constitute prejudicial error.

There is no error.

In this opinion JACOBS and GEORGE, Js., concurred.