STATE OF CONNECTICUT *v.* JAMES A. MOORE

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued October 15—decided November 6, 1969

*John M. Byrne,* assistant public defender, with whom, on the brief, was *John A. O'Reilly, Jr.,* for the appellant (defendant).

*Joseph F. Skelley, Jr.,* assistant state's attorney, with whom, on the brief, was *John D. LaBelle,* state's attorney, for the appellee (state).

ALCORN, J. The defendant was arraigned on an information containing two counts. In the first count he was accused of rape in violation of § 53-238 of the General Statutes. The second count charged incest in violation of § 53-223 of the General Statutes. The accusation in the second count is separate and distinct in its elements from that made in the first count so that error as to the second count would not invalidate a judgment on the first count. *State* v. *Fasano,* 119 Conn. 455, 463, 177 A. 376. The case was tried to a jury which returned a verdict of guilty on both counts. The judgment file recites that, following a denial of the defendant's motion to set aside the verdict, the court adjudged the defendant "guilty as charged on both counts of said information," imposed a state prison sentence on the first count, and "suspended judgment on the second count."

The defendant has appealed from the judgment. The only error which is assigned and pursued in the brief concerns the charge of the court relating to the crime of incest. The claim is that, while there was little doubt of sexual intercourse between the parties, the court's charge compelled the jury to conclude that the defendant was guilty of incest and thereby unduly influenced their decision on the charge of rape. This being the only issue, there is, on the record before us, no properly appealable issue unless the court's charge on incest can be said to have influenced the verdict on the charge of rape to the prejudice of the defendant. This is because the improper action of the trial court in suspending

judgment on the incest count has left the sentence on the rape count as the only final judgment from which an appeal would lie.

In a criminal case the imposition of sentence is the judgment of the court. *State* v. *Smith,* 149 Conn. 487, 489, 181 A.2d 446; *State* v. *Ashman,* 112 Conn. 599, 601, 153 A. 654; *State* v. *Lindsay,* 109 Conn. 239, 243, 146 A. 290; *State* v. *Vaughan,* 71 Conn. 457, 458, 42 A. 640. An appeal lies only from a final judgment, and there can be no judgment in a criminal case until sentence is pronounced. *State* v. *Vaughan,* supra. "The judgment-file consists of the writing out of the judgment for record, giving a history of the various steps in the action leading up to it, and it is prepared and signed at a time subsequent to the rendition of the judgment." *State* v. *Lindsay,* supra, 242. A final judgment is the adjudication which finally disposes of the case before the court. *Norton* v. *Shore Line Electric Ry. Co.,* 84 Conn. 24, 31, 78 A. 587. A person accused of crime and formally presented before a criminal court must not be left in the limbo of a temporary stay of sentence by the device of a suspended judgment. See also General Statutes § 54-91. In a criminal case it is never proper for the court to suspend judgment, although the court may properly render judgment by imposing sentence and then suspend the execution of the sentence for an ascertainable period, thereby protecting the right of appeal.

We turn now to the single question whether the charge of the court concerning the crime of incest did, as claimed by the defendant, result in prejudicial error affecting the judgment rendered on the count of rape. We find nothing to indicate that it did.

The evidence before the jury was that the victim

of the crimes charged was the nineteen-year-old daughter of the defendant's brother-in-law, that is, the daughter of the defendant's wife's brother. There was also evidence from which the jury could reasonably conclude that the defendant had sexual intercourse with the victim against her will and by the use of force sufficient to overcome her resistance.

On the facts presented to the jury in this case, the distinguishing element between the two crimes charged was the use of force by the defendant to overcome the will of the victim. *State* v. *Esposito*, 122 Conn. 604, 606, 191 A. 341.

In the portion of the charge objected to, the court expressly told the jury that in the crime of incest under the second count "force and consent is not involved" and that the state had the burden of proving only sexual intercourse between the defendant and his niece.

The court, however, quoted to the jury the pertinent portions of § 53-223 and § 46-1 of the General Statutes. The statutes are set forth in the footnote.[1] The court then instructed the jury that incest is the crime of sexual intercourse between persons related within the degrees wherein marriage is prohibited by law, that "the law prohibits a marriage by a man with his niece," and that "a niece is a daughter of

[1] "Sec. 53-223. INCEST. Every man and woman who marry or carnally know each other, being within any of the degrees of kindred specified in section 46-1, shall be .imprisoned in the State Prison not more than ten years."

"Sec. 46-1. KINDRED WHO SHALL NOT MARRY. No man shall marry his mother, grandmother, daughter, granddaughter, sister, aunt, niece, stepmother or stepdaughter, and no woman shall marry her father, grandfather, son, grandson, brother, uncle, nephew, stepfather or stepson; and, if any man or woman marries within the degrees aforesaid, such marriage shall be void."

one's brother or sister, or a daughter of one's brother-in-law or sister-in-law." The defendant duly excepted to this portion of the charge.

We feel impelled, in the interest of justice and because of the unusual record in this case, to observe in passing that the court extended the meaning of § 46-1 beyond its fair import. A penal statute such as § 53-223 must be sufficiently explicit to inform those who are subject to it of the conduct which it penalizes. *Grievance Committee* v. *Dacey,* 154 Conn. 129, 147, 222 A.2d 339, appeal dismissed, 386 U.S. 683, 87 S. Ct. 1325, 18 L. Ed. 2d 404. The crime defined by § 53-223 can be committed only by persons within the relationship specified in § 46-1. A criminal statute must be strictly construed, and no act should be held to be within its ambit which does not fall within its spirit and the fair import of its language. *State* v. *Faro,* 118 Conn. 267, 273, 171 A. 660; *State* v. *Parker,* 112 Conn. 39, 46, 151 A. 325; *State* v. *Penner,* 85 Conn. 481, 484, 83 A. 625. The meaning of the statute cannot be extended by presumption or intendment. *State* v. *Zazzaro,* 128 Conn. 160, 167, 20 A.2d 737. No part of the statute is to be treated as insignificant or unnecessary, and there is a presumption of purpose behind every sentence, clause or phrase. *Charlton Press, Inc.* v. *Sullivan,* 153 Conn. 103, 109, 214 A.2d 354; *State ex rel. Sloane* v. *Reidy,* 152 Conn. 419, 424–25, 209 A.2d 674. It is the expressed intent of the legislature which controls; *Rivera* v. *I. S. Spencer's Sons, Inc.,* 154 Conn. 162, 166, 223 A.2d 808; and that intent is to be found in the meaning of what it says. *Schwab* v. *Zoning Board of Appeals,* 154 Conn. 479, 482, 226 A.2d 506. The words used are to be given the commonly approved usage of the language. General Statutes § 1-1.

We have held that the relationship of half-sister is embraced within the meaning of the incest statute. *State* v. *Skinner,* 132 Conn. 163, 165, 43 A.2d 76. In that relationship there is the element of consanguinity. The element of consanguinity appears in all relationships enumerated in § 46-1 except the relationship of stepmother or stepdaughter and stepfather or stepson. The question at once arises as to why, in its enumeration of relationships which do not include the element of consanguinity, the General Assembly saw fit to include only those of a stepparent or a stepchild. In the application of the criminal law, it would be an unwarranted extension and presumption to assume that by specifying those relationships the legislature has intended to include others which lack the element of consanguinity. Had the legislative intent been to include what, in this case, would commonly be called a relationship of niece-in-law and uncle-in-law, it would have been a simple matter to say so. See *Elmendorf* v. *Poprocki,* 155 Conn. 115, 121, 230 A.2d 1. In the absence of such a declaration, we believe that the construction placed upon the statute by the trial court amounted to an unwarranted extension of its expressed meaning and intent.

The defendant has not demonstrated, however, any manner in which this construction of the statute affected the verdict and judgment on the charge of rape. Nevertheless the portion of the judgment file relating to the purported disposition of the second count is no judgment. Furthermore, it clearly appears from the record that the relationship of the persons involved was such that the defendant could not properly be convicted of incest. Under those circumstances the ends of justice demand that the defendant be free from taint based upon that charge.

There is no error as to the first count; as to the second count the case is remanded with direction to render judgment that the defendant is not guilty.

In this opinion the other judges concurred.