STATE OF CONNECTICUT *v.* KENNETH R. BELL

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and PETERS, Js.

Argued June 5—decision released September 11, 1979

*Stephen F. Donahue,* special public defender, for the appellant (defendant).

*Richard F. Jacobson,* assistant state's attorney, with whom, on the brief, was *Donald A. Browne,* state's attorney, for the appellee (state).

COTTER, C. J. In an information dated September 2, 1975, the defendant was charged with the crime of robbery in the second degree in violation of § 53a-135 (a) (1) of the General Statutes. On October 9, 1975, the trial court granted the defendant's motion to determine his eligibility to "be adjudged a youthful offender" under the provisions

of this state's Youthful Offender Act.[1]  See General Statutes §§ 54-76b to 54-76p.  Following a hearing, the defendant's application to be adjudged a youthful offender was denied.  From that adjudication denying his application seeking youthful offender status, the defendant has appealed claiming that the trial court abused its discretion in denying that application under the provisions of the statutes concerning youthful offenders.  See Public Acts 1971, No. 72.

The state, however, has raised the threshold question of whether the decision from which the defendant has appealed is in fact a final, appealable judgment.  If the order or action terminates a separate and distinct proceeding, or if the rights of the parties are concluded so that further proceedings cannot affect them, then the judgment is final for purposes of appeal.  *E. J. Hansen Elevator, Inc.* v. *Stoll,* 167 Conn. 623, 627, 356 A.2d 893; *State* v. *Roberson,* 165 Conn. 73, 82, 327 A.2d 556.  The trial court's determination in the present case denying the defendant's eligibility to be adjudged a youthful offender deprived him of his statutory right to a private hearing with sealed records.  See General Statutes §§ 54-76h, 54-76*l* and 54-76*o*.  Subsequent criminal proceedings, no matter what the eventual outcome, cannot regain for the defendant the privacy lost through the denial of his application and consequent public trial.  The trial court's determination

---

[1] In his motion made pursuant to § 54-76c of the General Statutes, the defendant represented that on the date of the alleged offense he had reached the age of sixteen but had not reached the age of eighteen years, that the crime charged was not a class A felony, and that he had not been previously convicted of a felony or adjudged a youthful offender, and he consented to a physical and mental examination, investigations, questioning and a trial without a jury.  See General Statutes §§ 54-76b, 54-76c and 54-76d (a).

that the defendant was not eligible to be adjudged a youthful offender is, therefore, a final, appealable judgment; see *State* v. *Anonymous,* 173 Conn. 414, 417, 378 A.2d 528; and thus we address the merits of the defendant's claim. See General Statutes §§ 54-76d, 54-76e and 54-76g.

Pursuant to § 54-76d (b) of the General Statutes, following the examinations, investigation and questioning in accordance with the statutory framework, "the court, *in its discretion* based on the severity of the crime, which shall also take into consideration whether or not the defendant took advantage of the victim because of the victim's advanced age or physical incapacity, and the results of the examinations, investigation and questioning, shall determine whether such defendant is eligible to be adjudged a youthful offender. . . ." (Emphasis added.)

According to the finding of the trial court in the present case, a sixty-two-year-old man who was walking to the bank during the mid-morning of July 31, 1975, was accosted by two individuals, one of whom was the defendant. The defendant allegedly pushed the man while the second individual took $100 and a deposit slip from the victim's shirt pocket. The other individual, who was nineteen years of age, had his case disposed of on the regular docket and was sentenced to an indefinite term in the Cheshire Reformatory. The defendant is one of sixteen children and his social history, academic background and employment record, as outlined in the probation report, were "not particularly favorable." The defendant's version of the incident was that the other individual actually committed the crime.

Although the state made no recommendation as to whether the court should have adjudged the defendant a youthful offender, we find no clear abuse of the trial court's broad discretion in denying the defendant's request. From a review of the unattacked findings of fact of the trial court, it is clear that the provisions of § 54-76d (b) were satisfied. In cases such as this, the trial court is in a unique position to assess all the factors relevant to a determination regarding youthful offender treatment, and thus, interference by this court must be limited to only those instances where that broad discretion has clearly been abused.

There is no error.

In this opinion LONGO and PETERS, Js., concurred.

LOISELLE, J. (dissenting). I cannot agree that the pretrial denial of youthful offender status is a final judgment. In a criminal case, the imposition of sentence is the judgment of the court. *State* v. *Moore,* 158 Conn. 461, 262 A.2d 166; *State* v. *Smith,* 149 Conn. 487, 489, 181 A.2d 446. The defendant has not yet been convicted as an adult since the court's denial of his request for youthful offender status. Subsequent criminal proceedings may result in a wide variety of possible dispositions of the charges lodged against the defendant, including the granting of youthful offender status under General Statutes § 54-76g[1] even though it was refused before trial.

[1] "[General Statutes] Sec. 54-76g. JUDGMENT OF YOUTHFUL OFFENDER STATUS. If the defendant enters a plea of guilty to the charge of being a youthful offender or if, after trial, the court finds that he committed the acts charged against him in the information or complaint, the court shall *adjudge* the defendant to be a youthful offender and the information or complaint shall be considered a nullity and of no force or effect." (Emphasis added.)

If a final adjudication of guilt is made, the defendant, in an appeal to this court, may raise the claim he now advances in the present appeal. If error is found and youthful offender status is granted, all records will be sealed and the information or complaint becomes a nullity.

The action of the court in denying youthful offender status is not, in my opinion, a final judgment and, consequently, I would dismiss the appeal.

In this opinion BOGDANSKI, J., concurred.