## STATE OF CONNECTICUT *v.* DAVID F. WHITNEY

APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 1145

Argued September 16 – decided October 30, 1981

*David Heinlein,* for the appellant (defendant).

*Samuel J. Sferrazza,* deputy assistant state's attorney, for the appellee (state).

SHEA, J. The defendant, who was charged with operating a motor vehicle while under the influence of intoxicating liquor in violation of General Statutes § 14-227a, has appealed from the denial of his application for accelerated rehabilitation pursuant to General

Statutes § 54-56e.[1] The fact that the defendant has chosen to appeal from the denial of his application before the case has been fully disposed of in the trial court raises a preliminary question of whether his appeal has been taken from "any final judgment or action" as required by General Statutes § 51-197d. The other issue involved in the appeal, which is the only subject briefed by the parties, is whether in denying the application the court properly exercised its discretion.

It appears that the issue of whether the denial of an application for accelerated rehabilitation constitutes a final judgment, which goes to the jurisdiction of this court to entertain the appeal, has been resolved in favor of allowing an appeal from such a ruling. *State* v. *Spendolini,* Supreme Court, Docket No. 10384 (denial of motion to dismiss appeal, November 5, 1980). In that case the Supreme Court denied a motion to dismiss an appeal taken at the same stage of the proceedings in the trial court as in this case. In *State* v. *Bell,* 179 Conn. 98, 425 A.2d 574 (1979), the irreversible effect of publicity upon an applicant for youthful offender treatment under General Statutes § 54-76b to § 54-76p (now § 54-56e), who would have been entitled to a private hearing and sealed records if his application was granted, was held to make the denial of such an application a final judgment. Presumably no distinction was found in the denial of accelerated rehabilitation, despite the absence of any statutory provisions for nonpublic proceedings in

---

[1] Public Acts 1981, No. 81-446, entitled "An Act Concerning the Pretrial Alcohol Education System and the Prosecution of Violations for Operating Under the Influence of Alcohol," has amended General Statutes § 54-56e by making accelerated rehabilitation inapplicable to any person charged with a violation of General Statutes § 14-227a, and has provided for a pretrial alcohol education system for persons so charged. This enactment, which became effective on October 1, 1981, is inapplicable to the disposition of the issues on this appeal.

§ 54-56e. We are compelled to conclude that the denial of accelerated rehabilitation is a final judgment from which a defendant may appeal.

Our consideration of the merits of the appeal is hampered by the lack of clarity in the record as to whether the trial court denied the application of the defendant in accordance with a general policy of not allowing accelerated rehabilitation where the charge is operating under the influence of intoxicating liquor. We have held that this offense is not necessarily so heinous that a conclusion that it is a crime of a "serious nature," for which accelerated rehabilitation is not available under the statute, can be reached without any consideration of the factual basis for the charge and the circumstances involved. *State* v. *Lavorgna*, 37 Conn. Sup. 767, 780, 437 A.2d 131 (1981). See *State* v. *Anonymous (1980–5)*, 36 Conn. Sup. 527, 531, 416 A.2d 168 (1980). When the application of the defendant was presented in court, his counsel was permitted to be heard upon it and he proceeded to set forth some of the personal background of the defendant to indicate his rehabilitative potential and the hardship which a conviction upon the charge would entail. He did not mention any of the events giving rise to the defendant's arrest. The state's attorney stated simply, "This was a .22, your honor." He had previously remarked, when the application was first presented, that he had indicated to the defendant's counsel "your honor's position." The ruling of the trial court was as follows: "The court finds that the matter is of a serious nature, so much so that the legislature has seen fit, not too long ago, to raise the penalty involved in these matters on a plea of guilty or a finding of guilty. The court therefore denies your application."

The decision of the trial court, as announced at the end of the hearing on the application, does not mention whether consideration was given to the pro-

secutor's statement, which indicated that the defendant had a substantially higher alcohol level in his blood than that specified in General Statutes § 14-227a (c) as constituting prima facie evidence of being under the influence of intoxicating liquor. In its discretion the court might well have concluded that this circumstance alone made the offense one of a "serious nature" requiring the denial of accelerated rehabilitation regardless of the favorable background of the defendant. Although the court's remarks contain no reference to this or other circumstances of the particular case before it and may suggest that its conclusion was based wholly upon the charge, contrary to our holding in *State* v. *Lavorgna,* supra, the application was fully heard and at least one significant factor relating to the nature of the offense was presented. We are uncertain, therefore, whether or not the denial of the application was based upon a consideration of *"both* 'the nature of the particular offense and the circumstances of its commission' " as is necessary for the proper exercise of judicial discretion. (Emphasis added.) *State* v. *Lavorgna,* supra, 779, citing *State* v. *Anonymous (1980–5),* supra, 531–32.

Practice Book § 3060D provides that if this court "deems it necessary to the proper disposition of the cause, it may remand the case for a further articulation of the basis of the trial court's decision." Because the record is unclear upon a point crucial to the determination of this appeal, we must seek clarification by the trial court of its reasons for the denial of the defendant's application for accelerated rehabilitation. See, e.g., *State* v. *Ostroski,* 184 Conn. 455, 459, 440 A.2d 166 (1981).

It is ordered that this case be remanded to the trial court for a further articulation of the basis of its decision in accordance with this opinion.

In this opinion DALY and BIELUCH, Js., concurred.