STATE OF CONNECTICUT *v.* WILLIAM L. SATTI

APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 1267

Argued April 19—decided December 31, 1982

*Hyman Wilensky,* for the appellant (defendant).

*Carl Schuman,* assistant state's attorney, for the appellee (state).

SPADA, J. The issue raised in the state's motion is whether the denial of an application for accelerated rehabilitation constitutes a final judgment from which a defendant may appeal. The defendant, who is charged with assault in the third degree and with

breach of the peace, appeals from the trial court's denial of his application for accelerated rehabilitation pursuant to General Statutes § 54-56e. A motion to dismiss the appeal was filed by the state alleging that this court lacks jurisdiction since no final judgment has been entered.[1] The same issue was presented in *State* v. *Whitney,* 37 Conn. Sup. 864, 440 A.2d 987 (1981), wherein we held that a denial of an application for accelerated rehabilitation was final for appeal purposes. Upon a further review of the standards established by our Supreme Court for determining the finality of a judgment, we are constrained to repudiate our decision in *Whitney.* We conclude, therefore, that the denial of an application for accelerated rehabilitation is not a final judgment from which a right of appeal lies.

We are not unmindful that "a court should overrule its own precedents for only the most compelling reasons." *Society for Savings* v. *Chestnut Estates, Inc.,* 176 Conn. 563, 570, 409 A.2d 1020 (1979). Where it is plain, however, that the judgment was the result of a mistaken view of the condition of the law applicable to the question, or where it can be shown that the law has been misunderstood or misapplied or is contrary to reason, we are charged with the responsibility for making the necessary changes. See *State* v. *Powell,* 186 Conn. 547, 551–55, 442 A.2d 939, cert. denied sub nom. *Moeller* v. *Connecticut,* 459 U.S. 838, 103 S. Ct. 85, 74 L. Ed. 2d 80 (1982).

The holding in *Whitney* was based upon an unpublished ruling by our Supreme Court on a motion in the case of *State* v. *Spendolini,* Docket No. 10384 (November 5, 1980). That court denied the state's motion to dismiss an appeal from the denial of an application for accelerated rehabilitation. *Spendolini* was a summary order unaccompanied by a written decision.

---

[1] "[General Statutes] Sec. 51-197d. JURISDICTION OF APPELLATE SESSION. The appellate session of the superior court shall have jurisdiction of appeals from any final judgment or action in the following matters . . . ."

Because we can only speculate as to the Supreme Court's reasons for the denial, its precedential value in severely impaired. Accordingly, we hold today that we are not bound by that decision.

The general rule is that an appellate court has no jurisdiction until the trial court renders a final judgment. General Statutes §§ 51-197d, 52-263 and 54-95 (b); Practice Book § 3000; *Prevedini* v. *Mobil Oil Corporation,* 164 Conn. 287, 293, 320 A.2d 797 (1973). The finality requirement underlying appellate review represents a clear and firm policy against multiple appeals in a single action. See *State* v. *Kemp,* 124 Conn. 639, 646–47, 1 A.2d 761 (1938). "Adherence to this rule of finality has been particularly stringent in criminal prosections because 'the delays and disruptions attendant upon intermediate appeal,' which the rule is designed to avoid, 'are especially inimical to the effective and fair administration of the criminal law.' " *State* v. *Powell,* supra, 551, quoting *Abney* v. *United States,* 431 U.S. 651, 657, 97 S. Ct. 2034, 52 L. Ed. 2d 651 (1977).

In general, there is no final judgment in a criminal case until the imposition of a sentence. *State* v. *Lloyd,* 185 Conn. 199, 207, 440 A.2d 867 (1981). Several exceptions to this rule have been carved out, however, for interlocutory rulings which, if erroneous, could not be remedied on appeal. Those exceptions are: (1) denial of a motion to dismiss on the ground that the state's prosecution places the defendant in double jeopardy; *State* v. *Moeller,* 178 Conn. 67, 420 A.2d 1153, cert. denied, 444 U.S. 950, 100 S. Ct. 423, 62 L. Ed. 2d 320 (1979); (2) denial of an application to be adjudicated as a youthful offender; *State* v. *Bell,* 179 Conn. 98, 425 A.2d 574 (1979); or to extend the confidentiality of juvenile proceedings to criminal proceedings; *State* v. *Anonymous,* 173 Conn. 414, 378 A.2d 528 (1977); (3) denial of a claim to have nolled charges dismissed on speedy trial grounds; *State* v.

*Lloyd,* supra, 210; and (4) denial of bail or of a motion for reduction of bail; *State* v. *Olds,* 171 Conn. 395, 370 A.2d 969 (1976).

Conversely, where the interlocutory order involves the denial of a claimed right which may still be redressed after trial, such a denial is not immediately appealable. *State* v. *Powell,* supra, 554. Thus, the following are held to be appealable only after trial and sentencing: denials of motions for discovery; *State* v. *Grotton,* 180 Conn. 290, 429 A.2d 871 (1980); and claims of violation of the right to a speedy trial; *State* v. *Lloyd,* supra.

The spectrum of judgments falling in the gray area between those decisions which are obviously final and appealable and those which are interlocutory and clearly nonappealable has caused our Supreme Court to formulate standards by which to determine the finality of a judgment. *E. J. Hansen Elevator, Inc.* v. *Stoll,* 167 Conn. 623, 627, 356 A.2d 893 (1975). "One test is whether the order or action terminates a separate and distinct proceeding. . . . Another test lies in the effect of an order 'as concluding the rights of some or all of the parties' . . . and, finally, if the rights of the parties are concluded so that further proceedings cannot affect them, then the judgment is final." *Prevedini* v. *Mobil Oil Corporation,* supra, 292. The application of these standards leads us to conclude that the denial of a petition for accelerated rehabilitation is nonappealable. The application for accelerated rehabilitation is not a separate and distinct proceeding, nor does it conclude the rights of the parties.

In *State* v. *Lavorgna,* 37 Conn. Sup. 767, 437 A.2d 131 (1981), a defendant, after denial of his application for accelerated rehabilitation, was found guilty for driving while under the influence. Upon appeal to this court we vacated the judgment with instruction to reconsider only the denial of the application for ac-

celerated rehabilitation and if the court concluded that it was properly denied, to reinstate the conviction. Thus, any harm allegedly incurred by the defendant as a consequence of the denial of an application for accelerated rehabilitation may be rectified after trial.

Accordingly, the state's motion to dismiss the appeal is granted.

In this opinion COVELLO, J., concurred.

BIELUCH, J., (dissenting). I disagree with the majority opinion dismissing the defendant's appeal on the motion of the state. The trial court's denial of the defendant's application for accelerated rehabilitation was a final judgment appealable to this court.

The defendant is charged (1) with assault in the third degree and (2) with breach of the peace. At his arraignment on October 9, 1981, he pleaded not guilty and elected a jury trial. Thereafter he applied for accelerated rehabilitation.

The accelerated pretrial rehabilitation statute, General Statutes § 54-56e, sets forth four procedural steps: (1) the application to the court containing a statement of the statutory representations, waivers and agreements; (2) the statutory oath by the accused "in open court under penalties of perjury that (s)he never had this program invoked before on his/her behalf";[1] (3) the first order of the court either (a) denying the application or (b) continuing the application to a hearing date "so that the Accused may notify the victim(s) of the opportunity to be heard on this matter"[2] by registered or certified mail, and (4) if a hearing has been given, the second order of the court either (a) denying the application or (b) granting accelerated rehabilitation. See *State* v. *Lavorgna,* 37 Conn. Sup. 767, 780–81, 437 A.2d 131 (1981) (dissenting opinion).

[1] Form JD-CR-9. "APPLICATION FOR ACCELERATED REHABILITATION—PRE-TRIAL."

[2] See footnote 1, supra.

The defendant in this case did not comply with these statutory requirements, but that issue has not been raised and is not before the court. He and counsel signed the application out of court on October 14, 1981, at which time counsel without a court order sent notice by certified mail to the victims of a court hearing on December 4, 1981. Counsel's appearance was filed in court on October 16, 1981. Thereafter the application with a copy of the victims' notice was filed in court on November 3, 1981. The statutory oath was never taken on the application. After the hearing the application was denied when the defendant refused to accept the court's condition that he reimburse the complainant's alleged medical expenses, which he contended was a civil claim in dispute and subject to a possible counterclaim.

The defendant has appealed to this court from the pretrial denial of his application for accelerated rehabilitation. By its motion now before the court the state seeks "to dismiss the defendant's appeal for lack of jurisdiction, since there has been no final judgment rendered by the trial court." Appeals in criminal cases can be taken only from the "final judgment" by statute and court rule. General Statutes §§ 52-263, 51-197d; Practice Book §§ 3000, 1064.

This threshold appealability question arises from two basic principles of law. First, it is well settled that there is no constitutional right to an appeal. The right of appeal is purely a creature of statute; in order to exercise that statutory right of appeal one must come within its terms. Second, since appeals of right have been authorized in criminal cases, there has been a firm legislative policy against interlocutory or "piecemeal" appeals and courts have consistently given effect to that policy by requiring finality of judgment as a predicate for appellate jurisdiction. *Abney* v. *United States,* 431 U.S. 651. 656, 97 S. Ct. 2034, 52 L. Ed. 2d 651 (1977). " 'Adherence to this rule of

finality has been particularly stringent in criminal prosecutions because "the delays and disruptions attendant upon intermediate appeal," which the rule is designed to avoid, "are especially inimical to the effective and fair administration of the criminal law." *DiBella* [v. *United States,* 369 U.S. 121, 126, 82 S. Ct. 654, 7 L. Ed. 2d 614 (1962)].' *Abney* v. *United States,* 431 U.S. 651, 657, 97 S. Ct. 2034, 52 L. Ed. 2d 651 (1977)." *State* v. *Powell,* 186 Conn. 547, 551, 442 A.2d 939, cert. denied sub nom. *Moeller* v. *Connecticut,* 459 U.S. 838, 103 S. Ct. 85, 74 L. Ed. 2d 80 (1982).

General Statutes § 54-56e is entitled "Accelerated *pretrial* rehabilitation." (Emphasis added.) Its introductory sentence declares that "[t]here shall be a *pretrial* program for accelerated rehabilitation of persons *accused* of a crime, not of a serious nature." (Emphasis added.) After setting forth the procedural steps for obtaining accelerated rehabilitation discussed earlier, § 54-56e authorizes the dismissal of the criminal charges without trial in these terms: "Any such defendant shall appear in court and shall be released to the custody of the office of adult probation for such period, not exceeding two years, and under such conditions as the court shall order. . . . If such defendant satisfactorily completes his period of probation, he may apply for dismissal of the charges against him and the court, on finding such satisfactory completion, shall dismiss such charges." However, if, as in the present case, "the defendant refuses to accept, or, having accepted, violates such conditions, his case shall be brought to trial."

The accelerated rehabilitation statute is a procedure for the quick resolution of criminal charges without trial and the early restoration to good repute and self-dignity of "an accused who, the court believes, will probably not offend again and who has no previous record of conviction of crime." General Statutes § 54-56e. It is a modern day concept of criminal justice intended to divert the criminal process from

the traditional centuries old trial procedure to the self-vindication of one's honor and good name without undue delay, unnecessary legal expense, public humiliation, burdensome aggravation and a possible fine and/or imprisonment. While the statute specifically applies to a first offender, it is equally available within its terms to an innocent accused who may not wish to incur the cost of defense, delay of an acquittal or dismissal, personal strain, public embarrassment and risk of conviction in an open trial of a criminal charge. The accelerated rehabilitation statute in substance and effect creates a provisional right in a first accused to avoid trial, conviction and a criminal record. With this understanding of the intent and scope of § 54-56e, let us now measure the applicability of the restriction by the final judgment rule to an appeal from the denial of accelerated rehabilitation to the defendant.

The precise issue under consideration has been before the appellate courts of our state on two occasions, but neither decision has been accepted by the majority opinion as controlling. In that respect the majority has erred. Our Supreme Court in a preliminary ruling in State v. Spendolini, Docket No. 10384 (November 5, 1980), denied the state's motion to dismiss the defendant's appeal from the trial court's denial of his application for accelerated rehabilitation. The court's failure to articulate a reason for its action does not undermine or wash away the effect of its ruling. To say that the precedential value and binding effect upon a lower court of the preliminary ruling in Spendolini was severely impaired by the fact that it was a summary order which because it was unaccompanied by a written decision left the reasons for the denial of the motion to dismiss the appeal to speculation, is a misjudgment of law. The denial by the Supreme Court in Spendolini of the state's motion to dismiss the appeal for lack of final judgment demonstrates that the court

considered the trial court's denial of the defendant's application for accelerated rehabilitation to be a final judgment. See *State* v. *Powell,* supra.

The majority's determination that this court is not bound by *Spendolini* is clearly in excess of our intermediate appellate jurisdiction. Under the doctrine of stare decisis, all tribunals exercising inferior jurisdiction are required to follow decisions of courts exercising superior jurisdiction. Otherwise, the doctrine of stare decisis makes no sense. Courts exercising inferior jurisdiction must accept the law declared by courts of superior jurisdiction. It is not their function to attempt to overrule decisions of a higher court. Chaos would be created in our legal system if lower courts were not bound by higher court decisions. *Auto Equity Sales, Inc.* v. *Superior Court,* 57 Cal. 2d 450, 454–55, 369 P.2d 937 (1962). The judicial hierarchy must be respected and acknowledged.

In *State* v. *Whitney,* 37 Conn. Sup. 864, 440 A.2d 987 (1981), the identical question was before this court. Relying upon *Spendolini,* our court stated (p. 865): "It appears that the issue of whether the denial of an application for accelerated rehabilitation constitutes a final judgment, which goes to the jurisdiction of this court to entertain the appeal, has been resolved in favor of allowing an appeal from such a ruling." The majority opinion misinterprets our decision in *Whitney* which properly followed the Supreme Court's ruling in *Spendolini.* This error is compounded by the majority's holding that "we are charged with the responsibility for making the necessary changes" where "it is plain, however, that the judgment was the result of a mistaken view of the condition of the law applicable to the question, or where it can be shown that the law has been misunderstood or misapplied or is contrary to reason."

The majority would overrule *Whitney,* its own precedent, for "the most compelling reason" that *Spendolini* was not binding for want of articulation. With the same brush the majority would whitewash the precedents of *Spendolini* and *Whitney,* and rewrite the conclusions of both, one a higher and the other an equal judicial authority.

Stare decisis gives stability and continuity to our case law. Many times there are exceptions to the rule of stare decisis, but a court should not overrule its earlier decisions unless the most cogent reasons and inescapable logic compel it. A change in the personnel of the court never furnishes such reason. *Herald Publishing Co.* v. *Bill,* 142 Conn. 53, 62, 111 A.2d 4 (1955).

"Generally, if the trial court order or action sought to be appealed 'terminates a separate and distinct proceeding, or if the rights of the parties are concluded so that further proceedings cannot affect them, then the judgment is final for purposes of appeal. *E. J. Hansen Elevator, Inc.* v. *Stoll,* 167 Conn. 623, 627, 356 A.2d 893 [1975]; *State* v. *Roberson,* 165 Conn. 73, 83, 327 A.2d 556 [1973].' *State* v. *Bell,* 179 Conn. 98, 99, 425 A.2d 574 (1979)." *State* v. *Powell,* supra, 552. The denial of the defendant's application for accelerated rehabilitation was the termination of such a separate and distinct proceeding created by statute for pretrial diversion of minor criminal charges involving first offenders, and even innocent accused. The determination upon such application of the accused's provisional right to avoid trial, conviction and a criminal record permanently blotting his reputation and character is a separate and distinct proceeding in the prosecution apart from the determination of guilt or innocence by trial. A denial of accelerated rehabilitation is, therefore, a final judgment for purposes of appeal and review before any further proceedings may be had in the prosecution of the criminal charges by trial.

In the federal courts such appealable pretrial final decisions "fall within the so-called 'collateral order' exception to the final judgment rule first announced in *Cohen* v. *Beneficial Industrial Loan Corp.*, 337 U.S. 541 [69 S. Ct. 1221, 93 L. Ed. 1528] (1949)." *Abney* v. *United States*, 431 U.S. 651, 657, 97 S. Ct. 2034, 52 L. Ed. 2d 651 (1977).

In *Cohen* v. *Beneficial Industrial Loan Corporation*, supra, a federal district court denied a motion to require the plaintiff to post security for reasonable expenses incurred by the defendant as required by New Jersey law. At the outset the United States Supreme Court considered the question whether the district court's order refusing to apply the state statute was an appealable one. Title 28 U.S.C. § 1291 provided for appeal only "from all final decisions of the district courts." The Supreme Court (p. 546), identified three requirements for appeals from pretrial rulings: (1) the decision must be fully consummated; (2) it must not be of such an interlocutory nature as to affect, or be affected by, the decision of the merits of the case but, instead, must be collateral to, and separable from, the principal issue at trial and (3) it must involve an important right which would be "lost, probably irreparably," if review had to await final judgment. The court then concluded: "This decision appears to fall in that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." Id.

"*Cohen's* collateral-order exception is equally applicable in both civil and criminal proceedings." *Abney* v. *United States*, supra, 659n. In *Abney* the United States Supreme Court, applying the three factors specified in *Cohen*, held that "pretrial orders rejecting claims of former jeopardy, such as that presently

before us, constitute 'final decisions' and thus satisfy the jurisdictional prerequisites" of appeals. *Abney* v. *United States,* supra, 662. "Such a claim involves not just a right not to be twice punished but also, in the appropriate circumstances, the right not even to be tried. *Abney* v. *United States,* supra, 660–61." *State* v. *Powell,* supra, 553.

Applying the collateral order rule of *Cohen* to the trial court's denial of the defendant's application for accelerated rehabilitation, the appealability of the pretrial order is even more evident than under our established test or standard that the action terminate a separate and distinct proceeding or conclude the rights of the parties so that further proceedings cannot affect them. See *State* v. *Powell,* supra, 552. First, there can be no doubt that the order here constitutes a complete, formal and final denial of accelerated rehabilitation in the trial court. The requirement of a fully consummated decision is met. Second, the nature of the application for accelerated rehabilitation is such that it is collateral to, and separable from, the principal issue at trial of the guilt or innocence of the defendant. The defendant in this appeal contests the court's denial of a provisional statutory right to avoid further prosecution and to obtain a dismissal of the charge without trial. The elements of that claim are completely independent of his guilt or innocence. Finally, the rights conferred on an accused by § 54-56e in its provision for accelerated rehabilitation and dismissal of a criminal charge without trial would be significantly undermined if appellate review of the order of denial were postponed until after conviction or sentence. The grant of accelerated rehabilitation avoids a criminal trial. To require a criminal trial before appellate review of denial of accelerated rehabilitation would torture the legislative intent of this pretrial diversion and contravene its purpose and policy. To require a trial before a final determination upon appellate

review of the defendant's right to accelerated rehabilitation without a trial would destroy the rights accorded to him by this legislation. Only by this appeal can the defendant protect his interests under accelerated rehabilitation which are wholly unrelated to the propriety of any subsequent conviction. His right to avoid trial should be fully adjudicated upon appeal before he is subjected to the expense, aggravation, strain, embarrassment and risk of conviction inherent in a public criminal trial.

The state's motion to dismiss the appeal should be denied.