The issue raised in the state's motion is whether the denial of an application for accelerated rehabilitation constitutes a final judgment from which a defendant may appeal. The defendant, who is charged with assault in the third degree and with *Page 553 
breach of the peace, appeals from the trial court's denial of his application for accelerated rehabilitation pursuant to General Statutes54-56e. A motion to dismiss the appeal was filed by the state alleging that this court lacks jurisdiction since no final judgment has been entered.[1] The same issue was presented in State v. Whitney, 37 Conn. Sup. 864, 440 A.2d 987 (1981), wherein we held that a denial of an application for accelerated rehabilitation was final for appeal purposes. Upon a further review of the standards established by our Supreme Court for determining the finality of a judgment, we are constrained to repudiate our decision in Whitney. We conclude, therefore, that the denial of an application for accelerated rehabilitation is not a final judgment from which a right of appeal lies.
We are not unmindful that "a court should overrule its own precedents for only the most compelling reasons." Society for Savings v. Chestnut Estates, Inc., 176 Conn. 563, 570, 409 A.2d 1020 (1979). Where it is plain, however, that the judgment was the result of a mistaken view of the condition of the law applicable to the question, or where it can be shown that the law has been misunderstood or misapplied or is contrary to reason, we are charged with the responsibility for making the necessary changes. See State v. Powell, 186 Conn. 547,551-55, 442 A.2d 939, cert. denied sub nom. Moeller v. Connecticut, 459 U.S. 838,103 S.Ct. 85, 74 L.Ed.2d 80 (1982).
The holding in Whitney was based upon an unpublished ruling by our Supreme Court on a motion in the case of State v. Spendolini, Docket No. 10384 (November 5, 1980). That court denied the state's motion to dismiss an appeal from the denial of an application for accelerated rehabilitation. Spendolini was a summary order unaccompanied by a written decision. *Page 554 
Because we can only speculate as to the Supreme Court's reasons for the denial, its precedential value in severely impaired. Accordingly, we hold today that we are not bound by that decision.
The general rule is that an appellate court has no jurisdiction until the trial court renders a final judgment. General Statutes 51-197d, 52-263 and54-95(b); Practice Book 3000; Prevedini v. Mobil Oil Corporation, 164 Conn. 287, 293, 320 A.2d 797
(1973). The finality requirement underlying appellate review represents a clear and firm policy against multiple appeals in a single action. See State v. Kemp, 124 Conn. 639, 646-47,1 A.2d 761 (1938). "Adherence to this rule of finality has been particularly stringent in criminal prosecutions because `the delays and disruptions attendant upon intermediate appeal,' which the rule is designed to avoid, `are especially inimical to the effective and fair administration of the criminal law.'" State v. Powell, supra, 551, quoting Abney v. United States, 431 U.S. 651, 657, 97 S.Ct. 2034,52 L.Ed.2d 651 (1977).
In general, there is no final judgment in a criminal case until the imposition of a sentence. State v. Lloyd, 185 Conn. 199, 207, 440 A.2d 867
(1981). Several exceptions to this rule have been carved out, however, for interlocutory rulings which, if erroneous, could not be remedied on appeal. Those exceptions are: (1) denial of a motion to dismiss on the ground that the state's prosecution places the defendant in double jeopardy; State v. Moeller, 178 Conn. 67,420 A.2d 1153, cert. denied, 444 U.S. 950, 100 S.Ct. 423,62 L.Ed.2d 320 (1979); (2) denial of an application to be adjudicated as a youthful offender; State v. Bell, 179 Conn. 98,425 A.2d 574 (1979); or to extend the confidentiality of juvenile proceedings to criminal proceedings; State v. Anonymous, 173 Conn. 414, 378 A.2d 528
(1977); (3) denial of a claim to have nolled charges dismissed on speedy trial grounds; State v. *Page 555 
Lloyd, supra, 210; and (4) denial of bail or of a motion for reduction of bail; State v. Olds,171 Conn. 395, 370 A.2d 969 (1976).
Conversely, where the interlocutory order involves the denial of a claimed right which may still be redressed after trial, such a denial is not immediately appealable. State v. Powell, supra, 554. Thus, the following are held to be appealable only after trial and sentencing: denials of motions for discovery; State v. Grotton, 180 Conn. 290, 429 A.2d 871 (1980); and claims of violation of the right to a speedy trial; State v. Lloyd, supra.
The spectrum of judgments falling in the gray area between those decisions which are obviously final and appealable and those which are interlocutory and clearly nonappealable has caused our Supreme Court to formulate standards by which to determine the finality of a judgment. E. J. Hansen Elevator, Inc. v. Stoll, 167 Conn. 623,627, 356 A.2d 893 (1975). "One test is whether the order or action terminates a separate and distinct proceeding . . . . Another test lies in the effect of an order `as concluding the rights of some or all of the parties' . . . and, finally, if the rights of the parties are concluded so that further proceedings cannot affect them, then the judgment is final." Prevedini v. Mobil Oil Corporation, supra, 292. The application of these standards leads us to conclude that the denial of a petition for accelerated rehabilitation is nonappealable. The application for accelerated rehabilitation is not a separate and distinct proceeding, nor does it conclude the rights of the parties.
In State v. Lavorgna, 37 Conn. Sup. 767,437 A.2d 131 (1981), a defendant, after denial of his application for accelerated rehabilitation, was found guilty for driving while under the influence. Upon appeal to this court we vacated the judgment with instruction to reconsider only the denial of the application for accelerated *Page 556 
rehabilitation and if the court concluded that it was properly denied, to reinstate the conviction. Thus, any harm allegedly incurred by the defendant as a consequence of the denial of an application for accelerated rehabilitation may be rectified after trial.
 Accordingly, the state's motion to dismiss the appeal is granted.
In this opinion COVELLO, J., concurred.