## STATE OF CONNECTICUT *v.* GUY L. DIONNE

APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 1239

Argued June 28, 1982—decided March 11, 1983

*William J. Eddy,* for the appellant (defendant).

*Carl Schuman,* assistant state's attorney, for the appellee (state).

BORDEN, J. The defendant has appealed from the trial court's denial of his application for participation in the pretrial alcohol education system provided by Public

Acts 1981, No. 81-446 § 1.[1] The issue for our determination is whether this denial constitutes a final judgment from which a right of appeal lies.

[1] Public Acts 1981, No. 81-446 was amended by Public Acts 1982, No. 82-408 and is now codified, as amended, in General Statutes § 54-56g. At the time of the defendant's arrest, Public Acts 1981, No. 81-446 was in effect and provided: "(a) There shall be a pretrial alcohol education system for persons charged with a violation of section 14-227a of the general statutes. Upon application by any such person for participation in such system, the court shall, but only as to the public, order such information or complaint to be filed as a sealed information or complaint, provided such person states under oath in open court under penalties of perjury that he has never had such system invoked in his behalf and that he has not been convicted of a violation of section 14-227a of the general statutes, as amended by section 2 of this act.

"(b) If the court, after consideration of the recommendation of the state's attorney, assistant state's attorney or deputy assistant state's attorney in charge of the case, grants such application, the court shall refer such person to the office of adult probation for assessment and recommendations with respect to placement in a program of alcohol education and treatment. Upon completion of the evaluation, the court shall determine whether such person is eligible for the pretrial alcohol education system. If the court determines that the defendant is eligible, the defendant shall be referred to the office of adult probation for placement in the system for one year. Any person who enters the system shall agree to the tolling of the statute of limitations with respect to such crime, to a waiver of his right to a speedy trial and to participate in at least eight meetings or counseling sessions in a program of alcohol education and treatment pursuant to this section. The suspension of the motor vehicle operator's license of any such person pursuant to section 14-227b of the general statutes, as amended by section 3 of this act, shall not be effective during the period such person is participating in such program. If the court determines the defendant ineligible for the system or if the defendant does not successfully complete the program of alcohol education or treatment to which he was assigned, the court shall order the information or complaint to be unsealed and his case shall be brought to trial and any suspension of the motor vehicle operator's license of such person pursuant to section 14-227b of the general statutes, as amended by section 3 of this act, shall be effective. If such defendant satisfactorily completes the program of alcohol education or treatment to which he was assigned, he may apply for dismissal of the charges against him and the court, on reviewing the record of his participation in such program submitted by the office of adult probation and on finding such satisfactory completion, shall dismiss the charges. The suspension of any motor vehicle operator's license of such person pursuant to section 14-227b of the general statutes, as amended by section 3 of this act, shall be reversed upon the finding of satisfactory completion of such program. A record of

The facts are not in dispute. On August 12, 1981, the defendant was arrested and charged with operating a motor vehicle while under the influence of intoxicating liquor in violation of General Statutes § 14-227a and with driving in the wrong lane of a limited access highway in violation of § 14-237. Thereafter he applied for participation in the pretrial alcohol education system and, pursuant thereto, the information was sealed. Following a closed hearing his application was denied and he filed this appeal. The state filed a motion to dismiss the appeal on the ground that the denial of the defendant's application was not a final judgment and, therefore, that this court lacks jurisdiction. General Statutes § 51-197d.

Our Supreme Court has recently held that the denial of a motion for accelerated rehabilitation is not an appealable final judgment because it is, in effect, a motion to stay proceedings which is interlocutory in nature and which does not come within any exception to the finality rule. *State* v. *Spendolini,* 189 Conn. 92, 96–97, 454 A.2d 720 (1983); see also *State* v. *Satti,* 38 Conn. Sup. 552, 555, 454 A.2d 280 (1982). The state analogizes applica-

participation in such program shall be retained by the office of adult probation for a period of seven years from the date of application.

"(c) A fee of two hundred dollars shall be paid to the court by any person who participates in the pretrial alcohol education system, except that no person may be excluded from such program for inability to pay such fee, provided (1) such person files with the court an affidavit of indigency or inability to pay, (2) such indigency is confirmed by the office of adult probation, and (3) the court enters a finding thereof. All such fees shall be deposited in the fund established pursuant to subsection (e) of this section.

"(d) The office of adult probation shall contract with the Connecticut alcohol and drug abuse commission for the purposes of developing standards and overseeing adequate programs of alcohol education and treatment to meet the requirements of this section. Said commission shall adopt regulations in accordance with chapter 54 of the general statutes to establish standards for such alcohol education and treatment programs.

"(e) There is established a revolving fund to be known as the alcohol education and treatment fund, for the purpose of providing money for alcohol education and treatment programs in accordance with the provisions of this section."

tions for participation in the alcohol education system to motions for accelerated rehabilitation and thus claims that *Spendolini* controls. We agree.

Like the accelerated rehabilitation program, the pretrial alcohol education system "establishes a discretionary pretrial diversionary program in certain criminal cases. It suspends criminal prosecution . . . subject to [successful participation in the system]. If the defendant satisfactorily completes the [program] he may then apply to the court for dismissal of the charges lodged against him. The main thrust of the statute is suspension of prosecution." *State* v. *Spendolini,* supra, 95–96.

The defendant argues that *Spendolini* is distinguishable because the denial of his application deprived him of certain rights which, if the case goes to trial, will be irretrievably lost. He first contends that the automatic suspension of an accused's driver's license for refusal to submit to a chemical analysis; General Statutes § 14-227b; would be stayed during the period of pretrial education and reversed upon satisfactory completion. Public Acts 1981, No. 81-446 § 1 (b).[2] Thus, he claims, the benefit of this provision would be lost by the denial of his application. In this case, however, the defendant conceded at oral argument that he submitted to a breath test at the time of his arrest. Therefore he is not within the class of persons which this part of the statute was intended to protect and lacks standing to assert this claim. *State* v. *Christian,* 189 Conn. 35, 42, 454 A.2d 262 (1983).

The defendant next argues that because the statute mandates that upon the filing of an application for participation in the system the information be sealed, the denial of the application deprives him of his right to privacy. He contends that the denial of his application is analogous to a denial of an application to be ad-

[2] We note that this provision was deleted from No. 81-446 of the 1981 Public Acts by No. 82-408 of the 1982 Public Acts.

judicated as a youthful offender which is immediately appealable. See *State* v. *Bell,* 179 Conn. 98, 425 A.2d 574 (1979). We disagree.

As the Supreme Court stated in *Bell:* "The trial court's determination . . . denying the defendant's eligibility to be adjudged a youthful offender deprived him of his statutory right to a private hearing with sealed records. See General Statutes §§ 54-76h, 54-76*l* and 54-76*o.* Subsequent criminal proceedings, no matter what the eventual outcome, cannot regain for the defendant the privacy lost through the denial of his application and consequent public trial." *State* v. *Bell,* supra, 99. The present case is distinguishable from *Bell* because Public Acts 1981, No. 81-446 does not create a statutory right to a private hearing with sealed records. It merely requires that the information be sealed contingent upon the defendant's eligibility and successful completion of the program, in which case the charges against him are dismissed. There is nothing in the statute creating the pretrial alcohol education system indicating that the system itself or the records of the people participating in it are shielded from public view. Moreover, records of the Connecticut alcohol and drug abuse commission, the agency charged with overseeing the alcohol education program, are not exempt from public disclosure under the Freedom of Information Act. General Statutes § 1-19. Thus any privacy flowing from a sealed information is lost by participation in the system. Unlike the youthful offender situation, therefore, an erroneous denial of the application does not result in an irreparable loss of privacy; it results only in loss of access to the system which can be rectified after trial. See *State* v. *Lavorgna,* 37 Conn. Sup. 767, 437 A.2d 131 (1981).

Accordingly, we lack jurisdiction of this appeal.

The appeal is dismissed.

In this opinion COVELLO, J., concurred.

BIELUCH, J. (dissenting). I disagree with the majority opinion for the reasons expressed in my dissenting opinion in *State* v. *Satti,* 38 Conn. Sup. 552, 556–64, 454 A.2d 280 (1982). Additionally, General Statutes § 54-56g (a) provides for the sealing of an information during the pendency of the application for pretrial alcohol education diversion from criminal prosecution. As the court noted in *State* v. *Bell,* 179 Conn. 98, 99, 425 A.2d 574 (1979): "Subsequent criminal proceedings, no matter what the eventual outcome, cannot regain for the defendant the privacy lost through the denial of his application and consequent public trial." Although the court in *Bell* ruled the denial of a defendant's application to be treated as a youthful offender to be an appealable final judgment, its conclusion is equally applicable to the denial of an application for participation in the pretrial alcohol education program.

The legislature does have the power to create a conditional right not to be tried, and I believe that it did so in its enactment of § 54-56g. See *State* v. *Spendolini,* 189 Conn. 92, 99–101, 454 A.2d 720 (1983) (*Peters, J.,* dissenting).