The defendant has appealed from the trial court's denial of his application for participation in the pretrial alcohol education system provided by Public *Page 676 
Acts 1981, No. 81-446 1.[1] The issue for our determination is whether this denial constitutes a final judgment from which a right of appeal lies. *Page 677 
The facts are not in dispute. On August 12, 1981, the defendant was arrested and charged with operating a motor vehicle while under the influence of intoxicating liquor in violation of General Statutes 14-227a and with driving in the wrong lane of a limited access highway in violation of 14-237. Thereafter he applied for participation in the pretrial alcohol education system and, pursuant thereto, the information was sealed. Following a closed hearing his application was denied and he filed this appeal. The state filed a motion to dismiss the appeal on the ground that the denial of the defendant's application was not a final judgment and, therefore, that this court lacks jurisdiction. General Statutes 51-197d.
Our Supreme Court has recently held that the denial of a motion for accelerated rehabilitation is not an appealable final judgment because it is, in effect, a motion to stay proceedings which is interlocutory in nature and which does not come within any exception to the finality rule. State v. Spendolini, 189 Conn. 92, 96-97, 454 A.2d 720 (1983); see also State v. Satti, 38 Conn. Sup. 552, 555,454 A.2d 280 (1982). The state analogizes applications *Page 678 
for participation in the alcohol education system to motions for accelerated rehabilitation and thus claims that Spendolini controls. We agree.
Like the accelerated rehabilitation program, the pretrial alcohol education system "establishes a discretionary pretrial diversionary program in certain criminal cases. It suspends criminal prosecution — subject to [successful participation in the system]. If the defendant satisfactorily completes the [program] he may then apply to the court for dismissal of the charges lodged against him. The main thrust of the statute is suspension of prosecution." State v. Spendolini, supra, 95-96.
The defendant argues that Spendolini is distinguishable because the denial of his application deprived him of certain rights which, if the case goes to trial, will be irretrievably lost. He first contends that the automatic suspension of an accused's driver's license for refusal to submit to a chemical analysis; General Statutes 14-227b; would be stayed during the period of pretrial education and reversed upon satisfactory completion. Public Acts 1981, No. 81-446 1(b).[2] Thus, he claims, the benefit of this provision would be lost by the denial of his application. In this case, however, the defendant conceded at oral argument that he submitted to a breath test at the time of his arrest. Therefore he is not within the class of persons which this part of the statute was intended to protect and lacks standing to assert this claim. State v. Christian, 189 Conn. 35, 42, 454 A.2d 262 (1983).
The defendant next argues that because the statute mandates that upon the filing of an application for participation in the system the information be sealed, the denial of the application deprives him of his right to privacy. He contends that the denial of his application is analogous to a denial of an application to be *Page 679 
adjudicated as a youthful offender which is immediately appealable. See State v. Bell,179 Conn. 98, 425 A.2d 574 (1979). We disagree.
As the Supreme Court stated in Bell: "The trial court's determination . . . denying the defendant's eligibility to be adjudged a youthful offender deprived him of his statutory right to a private hearing with sealed records. See General Statutes 54-76h, 54-76l and 54-76o. Subsequent criminal proceedings, no matter what the eventual outcome, cannot regain for the defendant the privacy lost through the denial of his application and consequent public trial." State v. Bell, supra, 99. The present case is distinguishable from Bell because Public Acts 1981, No. 81-446 does not create a statutory right to a private hearing with sealed records. It merely requires that the information be sealed contingent upon the defendant's eligibility and successful completion of the program, in which case the charges against him are dismissed. There is nothing in the statute creating the pretrial alcohol education system indicating that the system itself or the records of the people participating in it are shielded from public view. Moreover, records of the Connecticut alcohol and drug abuse commission, the agency charged with overseeing the alcohol education program, are not exempt from public disclosure under the Freedom of Information Act. General Statutes 1-19. Thus any privacy flowing from a sealed information is lost by participation in the system. Unlike the youthful offender situation, therefore, an erroneous denial of the application does not result in an irreparable loss of privacy; it results only in loss of access to the system which can be rectified after trial. See State v. Lavorgna, 37 Conn. Sup. 767, 437 A.2d 131
(1981).
Accordingly, we lack jurisdiction of this appeal.
 The appeal is dismissed.
In this opinion COVELLO, J., concurred.