I disagree with the majority opinion for the reasons expressed in my dissenting opinion in State v. Satti, 38 Conn. Sup. 552, 556-64,454 A.2d 280 (1982). Additionally, General Statutes54-56g (a) provides for the sealing of an information during the pendency of the application for pretrial alcohol education diversion from criminal prosecution. As the court noted in State v. Bell, 179 Conn. 98, 99, 425 A.2d 574
(1979): "Subsequent criminal proceedings, no matter what the eventual outcome, cannot regain for the defendant the privacy lost through the denial of his application and consequent public trial." Although the court in Bell ruled the denial of a defendant's application to be treated as a youthful offender to be an appealable final judgment, its conclusion is equally applicable to the denial of an application for participation in the pretrial alcohol education program.
The legislature does have the power to create a conditional right not to be tried, and I believe that it did so in its enactment of 54-56g. See State v. Spendolini, 189 Conn. 92, 99-101,454 A.2d 720 (1983) (Peters, J., dissenting).