STATE OF CONNECTICUT *v.* ANONYMOUS (1980–7)*

SUPERIOR COURT

DUPONT, J. The defendant seeks a hearing on, and dismissal of, the charges against him claiming that the investigation and prosecution in connection with the charges were instituted in bad faith, with no genuine expectation of conviction, and claiming that although the grand jury found probable cause that others had also committed felonies, only three, including the defendant, were selected for prosecution, and that one person who was not named by the grand jury should have been.

In his offer of proof, the defendant claims that the state's attorney for New Haven stated that "he would get" the defendant, the chief of police of Hamden, as he "had gotten" the chief of police of Wallingford, and that that statement was made prior to the appointment of a grand jury, and prior to any investigation of the defendant. His offer of proof also consists of alleged events of confrontation and animosity between the state's attorney and the defendant on a personal and professional level, the prior prosecution by the state's attorney of the defendant's father, and derogatory statements of the state's attorney about the defendant made at a testimonial dinner for another.

---

* Thus entitled in view of General Statutes § 54-142a.

This memorandum treats both motions together since the subject matter overlaps, since most cases fail to distinguish between the two grounds and discuss them simultaneously, and because both counsel discuss both motions in one brief.

The criminal justice system gives prosecutors a wide latitude and broad discretion in determining when, who, why and whether to prosecute for violations of criminal law. See *Oyler* v. *Boles,* 368 U.S. 448; *Hardwick* v. *Doolittle,* 558 F.2d 292 (5th Cir.); *United States* v. *Steele,* 461 F.2d 1148 (9th Cir.). There is a presumption that prosecutions are undertaken in good faith and are nondiscriminatory. *United States* v. *Falk,* 479 F.2d 616 (7th Cir.); *United States* v. *Cammisano,* 413 F. Sup. 886 (W.D. Mo.). The mere fact that some persons are prosecuted for a particular crime and others are not does not, per se, establish a constitutionally impermissible prosecution. See comment, "The Right to Non-Discriminatory Enforcement of State Penal Laws," 61 Colum. L. Rev. 1103; *Edelman* v. *California,* 344 U.S. 357; *United States* v. *Catlett,* 584 F.2d 864 (8th Cir.). In *Catlett,* it was determined that selective prosecution of those who would receive the attention of the media had a potential deterrent effect on others who might commit the same crime and was a legitimate purpose of prosecution.

"A long line of decisions in many jurisdictions has established the prosecutor's broad power to choose whom to prosecute after weighing such factors as the likelihood of successful prosecution, the social value of obtaining a conviction as against the time and expense to the state, and his own sense of the justice in the particular case." 61 Colum. L. Rev. 1103, 1119.

In deciding whether to initiate or decline prosecution, many considerations are ordinarily weighed

such as the seriousness of the offense, the need to deter the commission of similar offenses, the strength of the case, the circumstances relating to culpability, the impact of the offense on the community and the availability of prosecutorial resources. Obviously, each case will be different, and the various factors are not necessarily of equal force. The determination, of course, should not be influenced by the putative defendant's race, religion, sex, or national origin. Neither should it be influenced by his political association, activities, or beliefs, or by selective enforcement of prosecutions, or personal feelings toward the offender.

The decision as to whether to grant a preliminary evidentiary hearing on bad faith or selective prosecution is within the discretion of the trial court. *Hardwick* v. *Doolittle*, 558 F.2d 292 (5th Cir.); *United States* v. *Berrios*, 501 F.2d 1207 (2d Cir.). Generally, a defendant is entitled to a hearing when he has initially, by his offer of proof and the allegations contained in his motion, established that others similarly situated are not prosecuted for the same type of conduct, and that the selection of him for prosecution was invidious or in bad faith and based on impermissible considerations such as race or religion, or based on an attempt to deprive him of constitutional rights. *United States* v. *Berrios*, 501 F.2d 1207 (2d Cir.). If the defendant has alleged intentional, purposeful discrimination in prosecution, and has presented facts sufficient to raise a reasonable doubt as to a prosecutor's purpose because the prosecution is based on impermissible grounds, he is entitled to a hearing. *United States* v. *Peskin*, 527 F.2d 71 (7th Cir.); *United States* v. *Cammisano*, 413 F. Sup. 886 (W.D. Mo.). Usually, such an offer of proof would include statistics or a list of or the numbers of those not prosecuted for the same offense; *United States* v. *Kelly*, 556 F.2d

257 (5th Cir.); *United States* v. *Berrios,* supra; *United States* v. *Falk,* 479 F.2d 616 (7th Cir.); or a policy statement of the prosecutorial entity only to prosecute certain persons. See *Oyler* v. *Boles,* 368 U.S. 448.

An allegation or offer of proof that a particular person participated in the decision to prosecute because of a personal dispute is not enough to grant a motion to dismiss, or for an evidentiary hearing on the motion, since the defendant must also offer proof of a substantial showing that prosecutions were not normally instituted for the same offense. *United States* v. *Bourque,* 541 F.2d 290 (1st Cir.). The reason the defendant must also show that few or no prosecutions were instituted for violation of the same statute when bad faith prosecution is claimed is to allow the inference that the personal vindictiveness of the prosecutor against the particular defendant caused him to be prosecuted.

The defendant here has not offered to show a general nonenforcement of the law, nor has he offered proof of facts that other persons were uniformly not prosecuted for the same offense, or that the defendant is the sole target of prosecution because of race, creed, national origin, or because of his vocal espousement of particular beliefs or causes. His claim, reduced to its simplest terms, is that he, and only he, is a target of prosecution because of a personal vendetta waged against him by the state's attorney. "Attempts, in cases of asserted individual discrimination, to establish intent inferentially by showing a possible motive for police discrimination have uniformly failed." 61 Colum. L. Rev. 1103, 1130.

Almost all of the cases of which the court is aware which discuss prosecutorial vindictiveness or bad faith involve a second prosecution or a sub-

stituted information for an offense which carries an increased penalty or is a more serious charge, or a prosecution in which a count is added. *Blackledge v. Perry,* 417 U.S. 21; *North Carolina v. Pearce,* 395 U.S. 711; *United States v. Andrews,* 612 F.2d 235 (6th Cir.), s.c. 633 F.2d 449 (6th Cir.), cert. denied, 450 U.S. 927; *Hardwick v. Doolittle,* supra; *Jackson v. Walker,* 585 F.2d 139 (5th Cir.). One of the cases cited by the defendant, *Shaw v. Garrison,* 467 F.2d 113 (5th Cir.), involved a subsequent prosecution for perjury after an acquittal on another charge when the prosecutor had never, in connection with other defendants, done the same. The prosecution was initiated without a grand jury having found probable cause, and with the use of private funds for investigation, all for the personal aggrandizement of the prosecutor. Clearly, these facts constituted a bad faith prosecution.

Those cases centering about selective prosecution involve prosecutions inherently suspect because they are based on impermissible classifications, such as race or religion, or because they focus only on those who have exercised a constitutionally protected right, such as free speech. *United States v. Catlett,* supra; *United States v. Kelly,* supra; *United States v. Peskin,* supra; *United States v. Falk,* supra; *United States v. Steele,* supra; *United States v. Cammisano,* supra.

In the present case, none of the requisite conditions for a hearing on either motion has been met. Most importantly, all of the defendant's claims of deprivation of constitutional rights relate to the actions of the state's attorney of New Haven, and not to the actions of the particular prosecuting authority, the chief state's attorney. The very purpose of requesting a grand jury and for requesting that the chief state's attorney's office prosecute any charges against the defendant, was

to insulate the investigation and prosecution from any taint because of a claim of prosecutorial vindictiveness, such as had been alleged by the defendant in a suit against the state's attorney brought in federal district court. It is not the defendant's reaction to the prosecution, but the prosecutorial action itself which must be viewed. *Hardwick* v. *Doolittle,* supra.

The line between the presumption of good faith prosecution of the laws equally as to those similarly situated, and impermissible prosecutorial selectivity, has not been crossed.

The motions for hearing and to dismiss are denied.