STATE OF CONNECTICUT *v.* LOWELL POWELL

STATE OF CONNECTICUT *v.* CHARLES D. MOELLER

SPEZIALE, C. J., PETERS, PARSKEY, SHEA, COVELLO, Js.

Argued December 3, 1981—decision released March 30, 1982

*John A. Burgess,* of the California bar, with whom, on the brief, was *Alexander Harinstein,* for the appellant (defendant Powell).

*Thomas L. Nadeau,* with whom, on the brief, was *Theodore I. Koskoff,* for the appellant (defendant Moeller).

*Richard F. Jacobson,* assistant state's attorney, with whom, on the brief, was *Donald A. Browne,* state's attorney, for the appellee (state in each case).

SPEZIALE, C. J. The defendants in these two cases are charged with conspiracy to commit arson in connection with the March 1, 1975 fire at plant No. 4 of the Grand Sheet Metal Company, known as the Sponge Rubber Factory, in Shelton. The facts concerning the fire itself are discussed in *State* v. *Just,* 185 Conn. 339, 340–43, 441 A.2d 98 (1981), and *United States* v. *Bubar,* 567 F.2d 192, 195–96 (2d Cir. 1976).

The arson was the subject of both federal and state investigations and prosecutions. The defendant Moeller, the president of the company, was indicted on federal charges and, on January 22, 1976, was acquitted following a jury trial.[1] The defendant Powell, the principal financial officer of the company, was not charged by federal authorities. The state charges against Moeller and Powell were initiated in May, 1977.[2] The defendants have not yet been tried on the pending state charges.

[1] Seven defendants involved in the federal prosecution ultimately were convicted and two were acquitted. See *United States* v. *Bubar,* 567 F.2d 192 (2d Cir. 1976).

[2] Moeller unsuccessfully challenged these state charges on double jeopardy grounds by appeal to this court; *State* v. *Moeller,* 178 Conn. 67, 420 A.2d 1153, cert. denied, 444 U.S. 950, 100 S. Ct. 423,

In July, 1980, both defendants moved to disqualify Donald A. Browne, state's attorney of the judicial district of Fairfield, and all members of his staff and office. These motions were denied by the trial court and the defendants have appealed. At oral argument, however, counsel for both defendants: (1) changed their claim on appeal and now seek only the disqualification of state's attorney Browne; and (2) further limited this claim to only one ground for such disqualification.[3]

Both defendants allege that state's attorney Browne has evidenced a personal interest in the outcome of the prosecution against them. The basis of this alleged personal interest is Browne's status as a defendant in a federal civil rights action brought by Powell.[4] Both defendants conceded at oral argument that the existence of the civil rights action alone would not be sufficient to require Browne's disqualification. The basis of their claim is a statement made in court by Browne in arguing for an early trial of the case which they contend demonstrated Browne's personal interest.[5] The

62 L. Ed. 2d 320 (1979); and in a federal habeas corpus proceeding. *Moeller* v. *Browne*, 634 F.2d 618 (2d Cir. 1980), cert. denied, 449 U.S. 1112, 101 S. Ct. 922, 66 L. Ed. 2d 841 (1981).

[3] All other grounds raised in either the trial court or the defendants' briefs were expressly abandoned at oral argument.

[4] This action, *Powell* v. *McNamara*, No. B80-66, was initiated in the United States District Court for the District of Connecticut in February, 1980.

[5] During the course of a May 5, 1980 hearing to set a trial date, state's attorney Browne, responding to the defendants' request for a later date, stated in relevant part: "Further, I should indicate to your Honor that in my own particular situation I have been sued by one of these defendants and it's been alleged by one of those defendants that I have abused my office and have issued a process against him from malicious purposes and whatnot and, if your Honor please, I'm entitled to some consideration as far as getting this matter resolved as well. I think the disposition of this criminal case is going to have a very heavy bearing on the disposition of the civil

trial court, in denying the defendants' motions, rejected this reasoning.[6]

Before we can reach the merits of the defendants' claim, however, it is necessary for us to consider the threshold question of whether the appeal by each of the defendants is from a final judgment.[7] This court may hear the defendants' appeals only if the order denying their motions to disqualify is a final judgment. See Practice Book § 3000; General Statutes § 52-263.

---

case which has been pending against me. I've been sued for a half a million dollars and I think it's a matter, if your Honor please, that I'm entitled to an expeditious disposition of that particular case. I don't want to go on the record and make a personal argument to your Honor, but I think that as far as I'm concerned, this is weightier than the request for a continuance for vacations and teaching at seminars and things of that nature. I think it's more important for me to get that civil matter resolved than it is to have counsel go and instruct seminars somewhere or take a vacation. I put that to your Honor's consideration."

[6] In his memorandum of decision on the defendants' motions, Judge Eielson concluded: "When read in context, the prosecutor's statements indicate that the [statement quoted in fn. 5, supra] is but one of many arguments raised for expediting the criminal trial. As Browne indicated at the same hearing, the prosecution was equally concerned with the fact that the criminal trial had been pending for five years, with the problem of availability of witnesses, with problems caused by lapses in memory, and the tremendous resources that had been committed to preparation, all legitimate concerns with the administration of justice. The prosecution also noted that the defendant was attempting to use the civil discovery process to obtain what Mr. Browne contended were privileged items in the state's case. At the time of these statements, the prosecution had long since been committed to proceeding with the case, and Mr. Browne had been designated as the state's attorney to handle the prosecution. Thus, the prosecutor's statements do not indicate personal animus against the defendant, but rather legitimate concerns with efficient use of prosecutional resources. See *State* v. *Anonymous*, 36 Conn. Supp. 338, 340 [420 A.2d 910 (1980)]."

[7] The court considers this threshold jurisdictional question upon its own motion. At the request of the court, the parties have filed supplemental briefs on the question of appealability.

The finality requirement underlying our appellate review represents a clear and firm policy against piecemeal appeals. *State* v. *Kemp,* 124 Conn. 639, 646–47, 1 A.2d 761 (1938); Maltbie, Conn. App. Proc. § 10. "Appeal gives the upper court a power of review, not one of intervention." *Cohen* v. *Beneficial Industrial Loan Corporation,* 337 U.S. 541, 546, 69 S. Ct. 1221, 93 L. Ed. 1528 (1949). "Adherence to this rule of finality has been particularly stringent in criminal prosecutions because 'the delays and disruptions attendant upon intermediate appeal,' which the rule is designed to avoid, 'are especially inimical to the effective and fair administration of the criminal law.' *DiBella* [v. *United States,* 369 U.S. 121, 126, 82 S. Ct. 654, 7 L. Ed. 2d 614 (1962)]." *Abney* v. *United States,* 431 U.S. 651, 657, 97 S. Ct. 2034, 52 L. Ed. 2d 651 (1977).

The only Connecticut authority relevant to the finality of the denial of the motion to disqualify holds in effect that such a denial is appealable. In *State* v. *Jones,* 180 Conn. 443, 429 A.2d 936 (1980), this court decided on the merits an interlocutory appeal from the denial of a motion to disqualify the prosecuting authority. Although the opinion in *State* v. *Jones,* supra, was silent on the appealability question, the decision on the merits and the earlier denial of the state's motion to dismiss for lack of final judgment both demonstrate that this court considered the denial of the motion to disqualify to be a final judgment.

At the time of our decision in *State* v. *Jones,* supra, the question of the appealability of the denial of a motion to disqualify, in either the civil or criminal context, was unresolved and in dispute by federal authorities. See, e.g., *Firestone Tire &*

*Rubber Co.* v. *Risjord,* 449 U.S. 368, 373 n.10, 101 S. Ct. 669, 66 L. Ed. 2d 571 (1981) (detailing split in federal circuits). Leading cases decided since *State* v. *Jones, supra,* however, have now effectively resolved the question by concluding that the denial of a motion to disqualify is not a final judgment. *Firestone Tire & Rubber Co.* v. *Risjord, supra,* 373–79; *Armstrong* v. *McAlpin,* 625 F.2d 433, 437–41 (2d Cir. 1980), overruling *Silver Chrysler Plymouth, Inc.* v. *Chrysler Motors Corporation,* 496 F.2d 800 (2d Cir. 1974).[8] In view of this recent change, we have reconsidered our position.

Generally, if the trial court order or action sought to be appealed "terminates a separate and distinct proceeding, or if the rights of the parties are concluded so that further proceedings cannot affect them, then the judgment is final for purposes of appeal. *E. J. Hansen Elevator, Inc.* v. *Stoll,* 167 Conn. 623, 627, 356 A.2d 893 [1975]; *State* v. *Roberson,* 165 Conn. 73, 83, 327 A.2d 556 [1973]." *State* v. *Bell,* 179 Conn. 98, 99, 425 A.2d 574 (1979). Cf. *Cohen* v. *Beneficial Industrial Loan Corporation, supra.* "In a criminal case, the imposition of sentence is the final judgment of the court. *State* v. *Moore,* 158 Conn. 461, 463, 262 A.2d 166 (1969); *State* v. *Smith,* 149 Conn. 487, 489, 181 A.2d 446 (1962)." *State* v. *Grotton,* 180 Conn. 290, 293, 429 A.2d 871 (1980). Presentence orders or actions by the trial court which may be considered final for

---

[8] *Firestone Tire & Rubber Co.* v. *Risjord,* 449 U.S. 368, 373-79, 101 S. Ct. 669, 66 L. Ed. 2d 571 (1981), and *Armstrong* v. *McAlpin,* 625 F.2d 433, 437-41 (2d Cir. 1980), both deal with disqualification in the context of civil cases, and *Firestone Tire & Rubber Co.* v. *Risjord, supra,* 372 n.8, expressly states that its holding is limited to the finality of the denial of civil disqualification motions. Subsequent federal authority, however, has applied the same reasoning to the denial of disqualification motions in criminal cases. *United States* v. *Caggiano,* 660 F.2d 184, 191 (6th Cir. 1981).

purposes of appeal occur "where the otherwise interlocutory ruling challenged on appeal cannot, if erroneous, later be remedied by suppression of the evidence or reversal of the conviction after trial." *State* v. *Grotton,* supra, 293.

Thus, an order prior to sentencing in a criminal case is immediately appealable only if it involves a claimed right "the legal and practical value of which would be destroyed if it were not vindicated before trial." *United States* v. *MacDonald,* 435 U.S. 850, 860, 98 S. Ct. 1547, 56 L. Ed. 2d 18 (1978). We have held, for example, the denial of a claim that the state's prosecution places the defendant in double jeopardy to be immediately appealable. *State* v. *Moeller,* 178 Conn. 67, 420 A.2d 1153, cert. denied, 444 U.S. 950, 100 S. Ct. 423, 62 L. Ed. 2d 320 (1979); see *Abney* v. *United States,* supra. Such a claim involves not just a right not to be twice punished but also, in the appropriate circumstances, the right not even to be tried. *Abney* v. *United States,* supra, 660–61. Other interlocutory orders we have held to be immediately appealable include the claimed right to extend the confidentiality of juvenile proceedings to a criminal proceeding; *State* v. *Anonymous,* 173 Conn. 414, 378 A.2d 528 (1977); the claimed right to be adjudicated as a youthful offender; *State* v. *Bell,* 179 Conn. 98, 425 A.2d 574 (1979); and the claimed right to have nolled charges dismissed on speedy trial grounds. *State* v. *Lloyd,* 185 Conn. 199, 207–208, 440 A.2d 867 (1981).[9]

---

[9] The federal courts also have held immediately appealable denials of motions to dismiss based on the protection afforded members of Congress by the speech and debate clause; *Helstoski* v. *Meanor,* 442 U.S. 500, 99 S. Ct. 2445, 61 L. Ed. 2d 30 (1979); and on vindictive prosecution. *United States* v. *Griffin,* 617 F.2d 1342 (9th Cir.), cert. denied, 449 U.S. 863, 101 S. Ct. 167, 66 L. Ed. 2d 80 (1980).

Where an interlocutory order involves the denial of a claimed right which may still be vindicated after trial, such a denial is not immediately appealable. Thus, discovery orders are not immediately appealable; *State* v. *Grotton,* supra, 293; nor is the claim of a speedy trial violation. *United States* v. *MacDonald,* supra; *State* v. *Lloyd,* supra, 207–208. In the present case, the defendants are not claiming a right not to be tried, nor any other right which would be irreparably lost if the trial were to be held.[10] The defendants are claiming, at most, that they should not be prosecuted by state's attorney Browne. Even if it is assumed that the trial court's denial of the motions to disqualify was erroneous, any harm caused thereby would clearly be reparable if convictions are obtained.

"Should the present appeals be sustained they would serve as precedents which might go forth to nullify the purpose of the Legislature in authorizing an appeal only from a 'final judgment.' . . . To permit appeals from rulings upon such motions might seriously delay the final disposition of pending cases. On the one hand, counsel who sincerely felt that by an order upon such a motion the rights of his client were seriously harmed might feel compelled to take an immediate appeal; and, on the other hand, the opportunity to appeal in such a situation might well serve the purpose of parties who desire for their own ends to postpone the final determination of the issues. Allowance of multiple appeals in a single action would not accord with

---

[10] The defendants' claim to the contrary because "one cannot say that the presence of a totally unbiased, non-conflicted prosecutor would not result in nolles, dismissals or other acceptable dispositions short of trial" is highly speculative and, consequently, does not amount to a right which would be lost if not vindicated before trial.

the sound policy which favors the speedy disposition of actions in court, and particularly of criminal prosecutions." *State* v. *Kemp,* supra, 246–47.

We conclude that the order denying the defendants' motions to disqualify is not a final judgment and may not be immediately appealed. To the extent *State* v. *Jones,* 180 Conn. 443, 429 A.2d 936 (1980), is inconsistent with this conclusion, it is overruled.

The appeals are hereby dismissed sua sponte.

In this opinion PARSKEY, SHEA and COVELLO, Js., concurred.

PETERS, J. (concurring). Because I view with the utmost seriousness the questions raised by the statement of the state's attorney, I want to emphasize that our procedural resolution of these cases in no way signals a retreat from the substantive standards of *State* v. *Jones,* 180 Conn. 443, 429 A.2d 936 (1980). The state's attorney's responsibility is not limited to *avoidance* of a possible conflict of interest. As an officer of the court and of the state, he is, I believe, in addition, charged with the duty of avoiding the *appearance* of a conflict of interest. Code of Professional Responsibility, Canon 9.