[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION (MOTION FOR DISQUALIFICATION)
Plaintiffs in the three above-captioned actions seek to disqualify defendant's attorney Gregory Willis ("Willis"), and his law firm pursuant to Rule 1.7(b) of the Connecticut Rules of Professional Conduct.
Plaintiffs claim that Willis is representing the defendant under a power of attorney given to him by the defendant. Using this power, Willis allegedly terminated defendant's original defense attorneys in this action, Axelrod, Lanzoni and Teague, and employed himself and his law firm to represent the defendant in this litigation on August 23, 1989. Thus, according to the plaintiffs, Willis' acceptance of two conflicting roles leads to; an inherent conflict of interest in violation of Rule 1.7(b).
In the memorandum in support of the motion to disqualify, the plaintiffs allege that sometime prior to August 23, 1989, the date on which Willis filed this appearance in lieu of the law firm of Axelrod, Lanzoni and Teague, the defendant suffered a near-fatal accident rendering him comatose and therefore incapable and incompetent to handle his affairs. In the defendant's attorney's oral argument at short calendar on January 14, 1991, the following facts were alleged by the defendant. The defendant was competent when he gave Willis the power of attorney. He was leaving for Europe and gave Willis the power of attorney to sell property while he was out of the country. The property was not sold, but Willis was told to retain the power of attorney. Sometime later defendant went on a boating trip and fell. He is now a quadriplegic but is still competent in that he can respond in the affirmative or negative if asked a question. The defendant has submitted an affidavit averring that his fee arrangement with Willis is more advantageous to him than the proposed fees of CT Page 465 Axelrod, Lanzoni and Teague and that at his request Willis has appeared to protect his interests in the pending suits being brought by his children. Because he is unable to write his signature, the affidavit was signed with his hand resting on someone else's hand in the presence of two witnesses.
"The Superior Court has inherent and statutory authority to regulate the conduct of attorneys who are officers of the court. (citations omitted.)" State v. Jones, 180 Conn. 443, 448 (1980), overruled in part on other grounds, 186 Conn. 547, 555 (1982), cert. denied; Beval v. Dolan, 3 CSCR 277 (January 27, 1988, Jacobson, J.). "In its execution of this duty, the Superior Court has broad discretionary power to determine whether an attorney should be disqualified for an alleged breach of confidentiality or conflict of interest." Id. In disqualification cases, the court must balance three competing interests: (1) the right to freely select counsel of one's choice (2) protection of confidential information from disclosure; and (3) the public's interest in the scrupulous administration of justice. Knights of Columbus Federal Credit Union v. Salisbury, 3 Conn. App. 201, 204 (1985).
Connecticut adopted the Rules of Professional Conduct on October 1, 1986. Conn. Practice Bk., p. 1 (rev'd to 1978, as updated to July, 1990). The plaintiffs contend that the dual representation of Willis under the power of attorney and as the defense counsel in this litigation presents an impermissible conflict of interest proscribed by Rule 1.7(b) of the Rules of Professional Conduct. Rule 1.7(b) states:
 (b) A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless:
 (1) The lawyer reasonably believes the representation will not be adversely affected; and
 (2) The client consents after consultation. When representation of multiple clients in a single matter is undertaken, the consultation shall include explanation of the implications of the common representation and the advantages and risks involved.
In support, the plaintiffs cite Jackson v. Conland, 178 Conn. 52
(1979), wherein the attorney assumed the potentially conflicting roles of trustee of the trust and an attorney with the CT Page 466 firm that represented the trust and the beneficiaries suing the trustees for breach of the trust. The court found that "[W]hile there is no indication in the record that Attorney LaPrade is chargeable with any misconduct as the result of his acceptance of these conflicting roles, we conclude, nevertheless, that the conflict of interest inherent in this situation is such that he should consider resigning as trustee." Id. at 63. Generally in disqualification cases, the plaintiff has moved to disqualify the defendant's attorney on the basis that the attorney has a conflict of interest with the plaintiff or possesses confidential information that could potentially be used against the plaintiff. See, e.g. Walsh v. Walsh, 5 CSCR 278 (October 23, 1989, Goldstein, J.); Lippman v. Ogle, 4 CSCR 660 (August 11, 1989, Lewis, J.); Brown v. Brown, 2 CSCR 344 (February 20, 1987, Purtill, J.).
In the instant case the plaintiffs have not alleged any facts nor presented any evidence that defendant's attorney had any information which could be used to the plaintiffs' disadvantage or that any attorney-client relationship existed between defendant's attorney and plaintiffs. Nor has plaintiff alleged any facts nor submitted any evidence to indicate how this power of attorney role conflicted with the attorney's role as defense attorney in this pending litigation.
"Ethical problems exist in a real world. The analysis must be factual. The court should not presume unethical behavior." Walsh v. Walsh, 5 CSCR 278, 279 (October 23, 1989, Goldstein, J.) citing State v. Jones, 180 Conn. at 455. Moreover, "disqualification of one's attorney often causes `substantial prejudice' to the client, and often such motions are used for `strategic purposes.'" Lippman v. Ogle, 4 CSCR 660, 661 (August 11, 1989, Leis, J.) citing Goldenberg v. Corporate Air, Inc.,189 Conn. 504 [515, 516] (1983) [overruled in part on other grounds. Burger Burger, Inc. v. Murren, 202 Conn. 606, 670 (1987).]
Attorney Willis has been representing the defendant since August 23, 1989, and the plaintiffs waited over one year to move to disqualify Willis. (Motion to Disqualify filed on November 27, 1990.) Defendant would be substantially prejudiced should Attorney Willis be disqualified from the case at this point in time.
Accordingly, the Motion to Disqualify is denied.
STUART M. SCHIMELMAN, JUDGE