[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR DISQUALIFICATION #127
On January 13, 1988, the plaintiff-appellant Elizabeth T. Davis (now William W. Davis as Executor of the Estate of Elizabeth T. Davis) filed an appeal with the Superior Court for the Judicial District of New Haven contesting the order and decree of the Probate Court dated November 30, 1987, admitting the will of her mother, Susan S. Pearson. The plaintiff alleges that the reason for the appeal was that on April 20, 1975, nine days prior to the execution of the will, Susan S. Pearson was admitted to Yale New Haven Hospital with a primary diagnosis of cerebral arterio-sclerosis with encephalopathy. The plaintiff alleges that because of her condition, Susan S. Pearson lacked testamentary capacity on April 29, 1975, the date the will was executed.
On June 17, 1991, the plaintiff filed a motion to disqualify the law firm of Tyler, Cooper Alcorn from representing the Estate of Susan S. Pearson as the will of Susan S. Pearson was prepared and executed by Attorney Milton DeVane, a partner in the law firm of Tyler, Cooper Alcorn, who will be called as a necessary witness at trial. The plaintiff also claims that Tyler, Cooper Alcorn should be disqualified as Lawrence Iannotti, a former partner with the firm, drafted Elizabeth Davis' will.
The plaintiff argues that according to Rule 3.7 of the Rules of Professional Conduct, a lawyer who is a member of a firm may not act as both advocate and witness because of a conflict of interest and that Rule 1.10 disqualifies the firm also. The deposition of Attorney DeVane has been taken and the plaintiff has advised him that he will be called as a witness at the time of trial. Furthermore, the plaintiff contends that a conflict exists as Tyler, Cooper Alcorn represented the plaintiff on matters including the execution of her will and that a former member of the firm, Attorney Lawrence Iannotti, is related to the family of Susan S. Person by marriage and was instrumental in the processing of her will.
In the memorandum in opposition to the motion to disqualify the firm of Tyler, Cooper Alcorn, Attorney Ronald J. Cohen of the firm counters that the firm has represented the Estate of Susan S. Pearson for three years and only now when settlement discussions have broken down and the case is nearing trial has plaintiff's counsel filed this motion. Attorney Cohen argues that this is an inappropriate tactical move and that Rule 3.7(b) permits any other attorney in the firm besides Attorney DeVane to be trial counsel. Furthermore, according to defense counsel a conflict of interest does not exist under Rules 1.7 and 1.9 as the CT Page 7334 partner who drafted Davis' will has not been with the firm since June 30, 1986.
"The Superior Court has inherent and statutory authority to regulate the conduct of attorneys who are officers of the court. (citations omitted.)" State v. Jones, 180 Conn. 443, 448 (1980), overruled in part on other grounds: State v. Powell, 186 Conn. 547,555 (1982), cert. denied sub nom; Moeller v. Connecticut,459 U.S. 838 (1982). "In its execution of this duty, the Superior Court has broad discretionary power to determine whether an attorney should be disqualified for an alleged breach of confidentiality or conflict of interest." Id. The court must balance three competing interests in disqualification cases: (1) the right to freely select counsel of one's choice; (2) protection of confidential information from disclosure: and, (3) the public's interest in the scrupulous administration of justice. Knights of Columbus Federal Credit Union v. Salisbury, 3 Conn. App. 201, 204
(1985).
Connecticut adopted the Rules of Professional Conduct on October 1, 1986. Connecticut Practice Book, p. 1 (rev'd to 1978, as updated to November, 1990). Rule 3.7(a), Lawyer as Witness, of the Rules of Professional Conduct provides that:
 (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:
 (1) The testimony relates to an uncontested issue;
 (2) The testimony relates to the nature and value of legal services rendered in the case; or
 (3) Disqualification of the lawyer would work substantial hardship on the client.
"Whenever counsel for a client reasonably forsees that he will be called as a witness to testify on a material matter, the proper action is for that attorney to withdraw from the case." State v. Rapuano, 192 Conn. 228, 231 (1984), overruled in part on other grounds; Burger Burger, Inc. v. Murren, 202 Conn. 660, 670
(1987).
Therefore, as the plaintiff intends to call Attorney DeVane to testify to material matters in the case, it is clear that he himself may not act as the defendant's advocate in this case.
Rule 3.7(b) governs whether the firm of Tyler, Cooper 
CT Page 7335 Alcorn should also be disqualified given that Attorney DeVane is a partner in that firm. Pursuant to Rule 3.7(b), "[a] lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9."
Rules 1.7 and 1.9 deal with conflict of interest situations, one concurrent and the other successive representation. Rule 1.7 applies to situations wherein representation of one client "will be directly adverse" or "materially limited" by the attorney's "responsibilities to another client or to a third person, or by the lawyer's own interests." Rule 1.9(a) prohibits successive representation if the interests of a current client "are materially adverse to the interests of the former client" and the two matters of client representation are "the same" or "substantially related."
The plaintiff argues that a conflict exists under Rule 1.7 as the estate has an approximate value of three million dollars and the firm of Tyler, Cooper and Alcorn stands to earn a substantial fee from representation of the estate. The defense counsel points out that any law firm that represents the estate will receive a fee for doing so pursuant to Conn. Gen. Stat. 45a-283 and 45a-294. The court finds that a conflict does not arise under Rule 1.7.
With regard to Rule 1.9, the plaintiff contends that a former partner with the firm, Lawrence Iannotti, represented Elizabeth Davis in the execution of her will and that this former member is related to the family of Susan S. Pearson by marriage. Disqualification is warranted only if the former client establishes that the relationship between the issues are "patently clear" or "essentially the same." Jones, 180 Conn. at 449; Lippman v. Ogle, 4 CSCR 660, 661 (August 11, 1989, Lewis, J.).
Formerly DR 5-105 (D) of the Code of Professional Responsibility imputed an individual attorney's disqualification to the firm. However, Rule 1.10(c) replacing this rigid imputed disqualification standard provides that:
 (c) When a lawyer has terminated an association with a firm, the firm is not prohibited from thereafter representing a person with interests materially adverse to those of a client represented by the formerly associated lawyer unless:
 (1) The matter is the same or substantially related to that in which the formerly associated lawyer represented the CT Page 7336 client; and
 (2) Any lawyer remaining in the firm has information protected by Rules 1.6 and 1.9(b) that is material to the matter.
According to defense counsel, Lawrence Iannotti has not been a partner in Tyler, Cooper Alcorn since June 30, 1986 and the firm has no actual knowledge of confidential information that could be used against Davis.
Since the court finds that the two matters, preparation of Elizabeth Davis' will and the current litigation concerning the competency of Susan S. Pearson at the time of the execution of her will, are not the same or substantially related; that no conflict of interest exists under Rules 1.7 and 1.9; and that the firm of Tyler, Cooper Alcorn does not possess confidential information that potentially could be used against Davis, the motion to disqualify is denied.
Also, the length of time elapsing between the claimed adverse representations is a factor to be considered in a disqualification case. Knights of Columbus, 3 Conn. App. at 205; Walsh v. Walsh,5 CSCR 278, 279 (October 23, 1989, Goldstein, J.). During oral argument at short calendar, defense counsel represented that Davis' Will was executed in 1980. The probate appeal was brought in 1988.
"Ethical problems exist in a real world. The analysis must be factual. The court should not presume unethical behavior." Walsh, 5 CSCR at 279, citing State v. Jones, 180 Conn. at 455. Moreover, "disqualification of one's attorney often causes `substantial prejudice to the client,' and often such motions are used for `strategic purposes.'" Lippman 4 CSCR at 661, citing Goldenberg v. Corporate Air, Inc., 189 Conn. 504, 515-16 (1983); overruled in part on other grounds, Burger Burger, Inc. v. Murren, 202 Conn. 660, 670 (1987). The firm of Tyler, Cooper 
Alcorn has represented the Estate since 1988 and only now has the plaintiff moved to disqualify the firm. Since the court finds that the defendant Estate would be substantially prejudiced should its attorney be disqualified from the case at this point in time, the motion is denied.
DONALD T. DORSEY, JUDGE