[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO DISQUALIFY AND DEFENDANT'S MOTION TO DISQUALIFY
I. FACTS
This matter comes before the court as a result of a marriage dissolution action in which the defendant, Irma W. Kichar, retained the plaintiff Donald E. Wetmore to represent her as her counsel on or about July 17, 1981. The defendant's husband, Stephen, was represented in that marriage dissolution by the defendant's present counsel, the firm of Yudkin and CT Page 8292 Young, which is presently known as Yudkin, Young and Volman.
The plaintiff alleges that he represented the defendant in the marriage dissolution action between July 1981 and 1982 and that the defendant Irma W. Kichar did agree to pay him for the reasonable value of his services which amounted to $5,396.00 for approximately sixty hours of billable time. The plaintiff brings the present action seeking payment for his services and has moved to disqualify the defendant's counsel, the firm of Yudkin, Young and Volman, under Rules 1.7 and 3.7 of the Rules of Professional Conduct.
The defendant, in turn, moved to disqualify the plaintiff and his law firm from this case under the very same Rules of Professional Conduct. The defendant asserts that Rules 1.7 a 3.7 bar the plaintiff and his firm from representing the plaintiff in this matter.
II. LAW:
Generally in disqualification cases, the plaintiff has moved to disqualify the defendant's attorney on the basis that the attorney has a conflict of interest with the plaintiff or possesses confidential information that could potentially be used against the plaintiff. See, e.g. Walsh v. Walsh,5 CSCR 278 (October 23, 1989, Goldstein, J.) Lippman v. Ogle,4 CSCR 660 (August 11, 1989 Lewis, J.); Brown v. Brown, 2 CSCR 344
(February 20, 1987 Purtill J.). In the present case, counsel for the plaintiff and counsel for the defendant have each moved to disqualify the other from the case. "The Superior Court has inherent and statutory authority to regulate the conduct of attorneys who are officers of the court." State v. Jones,180 Conn. 443, 448 (1980), overruled in part on other grounds,186 Conn. 547, 555 (1982), cert. denied; Beval v. Dolan, 3 CSCR 277
(January 27, 1988, Jacobson J.). "In its execution of this duty, the Superior Court has broad discretionary power to determine whether an attorney should be disqualified for an alleged breach of confidentiality or conflict of interest." Id. In disqualification cases, the court must balance three competing interests (1) the right to freely select counsel of one's choice; (2) protection of confidential information from disclosure; and (3) the public's interest in the scrupulous administration of justice. Knights of Columbus Federal Credit Union v. Salisbury, 3 Conn. App. 201 204 (1985).
A.) The Plaintiff's Motion to Disqualify Yudkin, Young and Volman as Counsel for the Defendant.
The plaintiff, attorney Donald E. Wetmore, has moved this CT Page 8293 court to disqualify the law firm of Yudkin, Young and Volman from representing the defendant Irma W. Kichar in this matter under Rule 3.7(a) of the Rules of Professional Conduct. Rule 3.7 reads:
RULE 3.7 LAWYER AS WITNESS
 (a) A lawyer shall not act as advocate at a trial in which the lawyer, is likely to be a necessary witness except where;
(1) The testimony relates to an uncontested issue;
 (2) The testimony relates to the nature and value of legal services rendered in the case; or
 (3) Disqualification of the lawyer would work substantial hardship on the client.
 (b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9.
The plaintiff has notified the defendant of his intent to subpoena Attorney Harold Yudkin, a retired former partner in the law firm of Yudkin and Young who had represented the defendant husband in the initial marriage dissolution. The plaintiff has similarly notified Attorney Foster M. Young of Yudkin, Young and Volman that he intends to subpoena him as a witness. The plaintiff asserts that such notification require the firm of Yudkin, Young and Volman to remove itself from this case under Rule 3.7, as none of the exceptions set forth in Rule 3.7(a) apply in this matter. Further, the plaintiff claims that under Rule 3.7(b), to allow any member of Yudkin, Young and Volman to testify as a witness in this action would violate Rules 1.7 and 1.9.[1]
The facts in defendant's brief indicate that Attorney Harold Yudkin has been retired from the firm of Yudkin, Young and Volman since December, 1987 and would not, under Rule 3.7(a) "act as an advocate" in a case where he would be called as a necessary witness. Such facts also indicate that Attorney Foster M. Young was not involved in the initial marriage dissolution action and is unaware of the underlying facts of the case. His testimony in the present matter brought by the plaintiff would likely be limited to "the nature and value of legal services rendered in the case," an exception under Rule 3.7(a)(2).
The plaintiff also claims that attorneys from the law firm of Yudkin, Young and Volman are precluded from acting as CT Page 8294 advocates in the defendant's behalf under Rule 3.7(b), which prevents attorneys from representing a client if testimony from another member of their law firm would be materially adverse to a present or former client under Rules 1.7 and 1.9.
In the present case, attorneys Yudkin and Young have been notified that they will be subpoenaed to testify about the initial marriage dissolution the firm's representation of the defendant's husband in that matter, and the legal services allegedly performed by the plaintiff Attorney Donald E. Wetmore for the defendant Irma W. Kichar. Such testimony does not necessarily represent a conflict of interest under Rules 1.7 and 1.9. Under Rule 1.7(b)(1), it is "reasonable" for Attorney Foster M. Young to conclude that his representation of Irma W. Kichar will not be materially adverse to the interest of his client. As to Rule 1.9, the court takes note of Walsh supra, where the court denied a motion to disqualify the plaintiff wife's attorney in a dissolution proceeding. The motion sought to disqualify the wife's attorney because the attorney had previously represented the defendant husband in other legal matters. There, the court found:
 "The [defendant] husband has not proven on these facts that the relationship between the issues in the two representations is patently clear or that the issues are identical or essentially the same. Moreover, the length of time — eleven years — from the prior representation to now is also a mitigating factor in any disqualification. (cites omitted.) . . . Clearly, any prior representation does not automatically create an appearance of impropriety for any subsequent representation. The interest of this wife to choose an attorney outweighs the husband's expectation of protection where there is no violation of Rule 1.9."
Id. at 279. In the present case, the plaintiff has not shown that Yudkin and Young's representation of the defendant's husband in 1981-82 is substantially related to their representation of the defendant Irma W. Kichar in this matter. While related, these are two substantively separate legal actions.
In balancing the competing interest involved in evaluating a motion to disqualify (see Knights of Columbus, supra,) this court finds that the defendant's freedom in choosing her own counsel and the public's interest in the scrupulous administration of justice outweight any unlikely exposure of confidential information by the law firm of Yudkin, Young and Volman as a result of their representation of the defendant's CT Page 8295 husband in the underlying matter before the court. IF such exposure becomes imminent, the matter should be addressed further at that time. For these reasons, and for the likely financial hardship which would be imposed upon the defendant should her counsel be removed under Rule 3.7(a)(3), the plaintiff's motion to disqualify is denied.
B. The Defendant's motion to Disqualify the Plaintiff and the Wetmore Law Offices.
The defendant Irma W. Kichar, has moved this court to disqualify both the plaintiff, Attorney Donald E. Wetmore and his law firm Wetmore Law offices, from this case under Rule 3.7. That rule states that "a lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness." The rule, however, contains three exceptions which, if met, would permit the attorney to act as an advocate in the case. The second exception allows an attorney to act as an advocate if "[his] testimony relates to the nature and value of legal services rendered in the case." The case before the court wholly concerns a dispute over the legal services the plaintiff claims he provided the defendant in 1981-82. The court therefore finds that the plaintiff's testimony would constitute an exception under Rule 3.7(a)(2).
The defendant also claims that the plaintiff's law firm Wetmore Law Offices, should be disqualified under Rule 3.7(b) which states: "[a] lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9."
The defendant claims a conflict of interest exists under Rule 1.9 because the plaintiff Attorney Wetmore represented the defendant Irma W. Kichar in the 1981-82 dissolution action. In that representation, the defendant asserts, the plaintiff and his law firm gained access to confidential information which could be employed in a manner adverse to Attorney Wetmore's former client Irma W. Kichar. Rule 1.9(a) prohibits successive representation if the interests of current client "are materially adverse to the interests of the former client" and the two matters of client representation are "the same" or "substantially related." Disqualification of an attorney is warranted only if the former client establishes that the relationship between the issues are "patently clear" or "essentially the same" Jones supra, at 449; Lippman, supra, at 661; Davis v. Pearson, 1991 WL 158033 (Conn.Super.) (August 7, 1991, Dorsey, J.). The case before this court seeks recovery of professional fees necessarily relates back to the initial marriage dissolution action the defendant has failed to show that these two actions, the marriage dissolution and the lawsuit CT Page 8296 seeking recovery of fees, are "essentially the same." They are in fact two separate, though related, legal actions. This court finds that there is no conflict of interest under Rule 1.9(a), and that therefore the Wetmore Law Offices cannot be disqualified under Rule 3.7(b). For these reasons, the defendant's motion to disqualify is denied.
The court notes from the plaintiff's brief that Attorney Wetmore has chosen Attorney Jerome N. Goldstein of the Wetmore Law Offices as his counsel in this matter. Given the nature of this case, this court believes the plaintiff's decision to forgo representing himself and to secure counsel from another attorney might be the better practice.
The Hon. Clarance Jones, Judge.
The court expresses its appreciation to Richard Wilds, Law Clerk, for his assistance in the exposition of this opinion.
FOOTNOTES