[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR DISQUALIFICATION
The plaintiff has moved for disqualification of defendant's counsel in this dissolution of marriage proceeding on the ground that he had represented the plaintiff in the preparation of a will executed March 1, 1990 (Exhibit A). While this action was commenced on June 15, 1991, and defendant's counsel filed his appearance on July 5, 1991, the motion to disqualify was not filed until December 16, 1991.
Plaintiff claims conflict of interest and cited Ethical Canons 6 and 37. The Canons of Professional Ethics cited by plaintiff were replaced by the Code of Professional Responsibility in 1972. The Code was replaced by the Rules of Professional Conduct in 1986 which have remained in effect with various amendments since then. (See Historical Note, 1 Connecticut Practice 2, 3 Third Edit. (Moller and Horton), Connecticut Practice Book 1. The rules controlling the issue raised by the plaintiff are 1.7, 1.9 and 1.6.
The facts of this matter are as follows: The parties were married in May 1986. Defense counsel and the plaintiff first met professionally about 3 years ago. The defendant and his attorney have been personal friends for many years and defendant's attorney has represented the defendant's family for many years. Before that, the defendant's attorney's father had represented defendant's father. Defendant, his father, defense counsel and his father own a condominium together.
The defendant's attorney's representation of the plaintiff, included only the drawing and execution of her will. Simple wills CT Page 2027-B for the plaintiff and the defendant were prepared at the same time. Subsequent to this representation, the plaintiff did call the defendant's attorney from time to time to discuss matters concerning her mother and father. Defendant's attorney never did represent plaintiff's mother or father and never received any unusual or confidential information concerning plaintiff's family or the plaintiff.
Subsequent to the birth of a baby to the plaintiff, she did consult defendant's attorney regarding a malpractice claim against the hospital. Defendant's attorney referred this matter to another attorney who is representing the parties in that matter.
Defendant's attorney has represented the defendant in this action for six months. During that time the plaintiff's attorney and the defendant's attorney have actively participated in settlement discussions and during this period plaintiff made no claim to defendant's counsel of attorney disqualification. Indeed, defendant's counsel in his very first conversation with plaintiff's counsel advised plaintiff's counsel of his earlier representation of both of the parties in drafting wills and of his consultation on a malpractice claim. Now that the settlement discussions have broken down, plaintiff for the first time raises the issue of prior representation.
The plaintiff believes defense counsel should be disqualified because she "considered" him her attorney. The defendant maintains his attorney has always represented him, that this is a tactical maneuver and that no unusual or confidential information was conveyed to his attorney when he represented the plaintiff in the drafting and execution of her will. The court so finds.
An attorney should not be disqualified unless his representation taints the case. Board of Education v. Nyquist,590 F.2d 1241, 1246 (2d Cir. 1979). The party moving for disqualification must meet a high standard of proof, Evans v. Artek Systems, 715 F.2d 788, 791 (2d Cir. 1983). The imposition of this higher standard and the call for judicial restraint in granting motions for disqualification is warranted as motions to disqualify are often employed for purely strategic purposes. See McElroy v. Gaffney, 129 N.H. 382, 529 A.2d 889 (1987).
"The Superior Court has inherent and statutory authority to regulate the conduct of attorneys who are officers of the court. CT Page 2027-C (citations omitted." State v. Jones, 180 Conn. 443, 448 (1980), overruled in part on other grounds; State v. Powell, 186 Conn. 547,555 (1987), cert. denied sub nom; Moeller v. Connecticut,459 U.S. 838 (1982). "In its execution of this duty, the Superior Court has broad discretionary power to determine whether an attorney should be disqualified for an alleged breach of confidentiality or conflict of interest." Id. The court must balance three competing interests in disqualification cases: (1) the right to freely select counsel of one's choice; (2) protection of confidential information from disclosure; and, (3) the public's interest in the scrupulous administration of justice. Knights of Columbus Federal Credit Union v. Salisbury, 3 Conn. App. 201, 204
(1985).
Rules 1.7 and 1.9 deal with conflict of interest situations, one concurrent and the other successive representation. Rule 1.7 applies to situations wherein representation of one client "will be directly adverse" or "materially limited" by the attorney's "responsibilities to another client or to a third person, or by the lawyer's own interests." Rule 1.9(a) prohibits successive representation if the interests of a current client "are materially adverse to the interests of the former client" and the two matters of client representation are "the same" or "substantially related." Rule 1.6 deals with the confidentiality of information. Defendant's counsel's representation of the defendant in this proceeding is not "substantially related" to his prior representation of the plaintiff. As previously noted, the plaintiff gave no confidential information to defendant's counsel. While the plaintiff may have a mindset that allowing defendant's counsel to continue to represent the defendant is not the "scrupulous administration of justice," the competing interest of the defendant to freely select counsel of his choice far outweighs what plaintiff has called an "appearance of impropriety."
The court finds that no conflict of interest exists under Rules 1.7 and 1.9 and that the defendant's attorney does not possess confidential information that could be used against the plaintiff. The motion to disqualify is therefore denied.
The following concluding paragraph from Judge Donald Dorsey's Memorandum of Decision in the case of Elizabeth T. Davis v. Estate of Susan S. Pearson (Superior Court, N.H.J.D. No. CV-266586) is equally applicable in this case. CT Page 2027-D
"Ethical problems exist in a real world. The analysis must be factual. The court should not presume unethical behavior." Walsh, 5 CSCR at 279, citing state v. Jones, 180 Conn. at 455. Moreover, "disqualification of one's attorney often causes `substantial prejudice to the client,' and often such motions are used for `strategic purposes.'" Lippman 4 CSCR at 661, citing Goldenberg v. Corporate Air, Inc., 189 Conn. 504, 515-16 (1983); overruled in part on other grounds, Burger v. Burger, Inc. v. Murren, 202 Conn. 660, 670 (1987).
Edgar W. Bassick, III, Judge