[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff has moved for disqualification, post judgment, of defendant's counsel from representing the defendant in the above action.
Plaintiff claims "conflict of interest in violation of Rules 1.6 through 1.9 of"the Rules of Professional Conduct" and "represents that . . . both the Plaintiff and the Defendant, while married, had consulted with Attorney Steven Levy on several legal matters." (Motion to Disqualify Post-Judgment.)
The plaintiff in her Memorandum of Law In Support of Motion to Disqualify Post-Judgment makes reference to her belief that Attorney Levy was "her family's legal counsel . . . [that the families] had a close personal relationship . . . [that plaintiff had] known Attorney Levy for approximately 15 years . . . [that] Levy represented Mr. Matisoff [in another matter.]" (Motion to Disqualify Post-Judgment (at 1, 2.).
"The Superior Court has inherent and statutory authority to regulate the conduct of attorneys who are officers of the court. State v. Jones,180 Conn. 443, 448 (1980) overruled in part on other grounds, State v.Powell, 186 Conn. 547, 555 (1987) cert. denied sub nom. The court must CT Page 12548 balance three competing interests in disqualification cases: (1) the right to freely select counsel of one's choice; (2) protection of confidential information from disclosure; and (3) "the public's interest in the scrupulous administration of justice." Knights of Columbus FederalCredit Union v. Salisbury, 3 Conn. App. 201, 204 (1985).
"A conflict of interest based on prior attorney-client relationship exists only if the moving party establishes that the attorney has since accepted employment that is adverse to the interest of a former client on a matter substantially related to the prior litigation. Fiddelman v.Redmon, 31 Conn. App. 201, 210 (1993), cert. denied, 226 Conn. 915
(1993). A substantive relationship is found to exist "upon a showing that the relationship between the issues in the prior and present cases is patently clear or when the issues are identical or essentially the same." (Internal quotation marks omitted.) State v. Jones, supra, 180 Conn. 449.
"Once a substantial relationship between the prior and the present representation is demonstrated, the receipt of confidential information that would potentially disadvantage a former client is presumed."Bergeron v. Machler, 225 Conn. 391, 399 (1993).
Rule 1.9(1) of the Rules of Professional Conduct prohibits successive representation if the interests of the current client "are materially adverse to the interests of the former client and the two matters of client representation are "the same" or "substantially related."
With the above provisions in mind, the issue presented in this case can be narrowly focused. Levy represented the plaintiff and defendant in 1993 with respect to the preparation of wills. Levy now represents the defendant in a post-judgment motion for order related to issues of personal property and distribution of a portion of the net proceeds from the sale of the marital residence. There is no question that the interests of plaintiff and defendant are adverse in the post judgment motion for order. The dispositive question is whether the relationship between the issues in the prior matter (consultation and preparation of a will) and the present matter (post judgment motion for order) are "patently clear or . . . identical . . ., or essentially the same."Bergeron v. Machler, supra, 225 Conn. 399.
The case law is divided as to whether the issues related to the preparation of a will or estate plan would cause disqualification in a later dissolution matter. See Rompre v. Rompre, Superior Court, judicial district of Waterbury, Docket N. 116536 (Feb. 27, 1995, Pellegrino, J.) (motion to disqualify granted); Riccitelli v. Riccitelli, Superior Court, judicial district of New Haven, Docket No. 317852 (March 10, 1992, Bassick, J.) (motion for disqualification denied). CT Page 12549
What we have in the present case is a post judgment motion that in effect seeks to interpret questions related to personal property at the marital residence and the retention of a portion of the proceeds from the sale of the marital residence (motion for order).
The court finds that the representation by Attorney Levy in thismatter of the motion for order is not a conflict of interest and therefore denies the plaintiff's motion to disqualify without prejudice. The question of further representation of the defendant and the issues related thereto is left open.
CREMINS, J.