[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE DEFENDANT'S MOTION TO DISQUALIFY
This is a dissolution action in which the "custody of two minor children is at issue. The defendant Rennie Sumera moves to disqualify attorney Mark Brouillard and the law firm of Boland, St. Onge Brouillard from the continued representation of the plaintiff, Katherine Sumera. He claims that the continued representation of Mr. Brouillard and his firm will cause "a risk of violation of the Code of Professional Conduct (sic) and a risk of the perception of an uneven playing field to the parties, the two minor children and the public. The defendant does not, however, refer the court to any section of the Rules of Professional Conduct that he relies upon to support this motion.
The salient facts are that Susan Boland, the wife of attorney Brouillard's law partner is currently or formerly a the teacher of the children. As a result of this contact with the children the defendant has identified Mrs. Boland as "potential material witness" in the trial of this matter. There is no indication of the substance of Mrs. Boland's potential testimony as it might relate to the interests of the parties or their children. The deposition of Susan Boland was taken on October 17, 2002 at which time she testified that "she had not discussed this matter with her husband nor attorney Brouillard. At oral argument attorney Brouillard represented that attorney Boland would have no involvement in the representation of the plaintiff in this matter. The defendant also claims that the plaintiff changed lawyers in the summer of 2002, after Family
Relations completed its custody study and with the knowledge that her children's teacher was married to the partner of her new lawyer.
The court file reflects that this the plaintiff was initially represented by another law firm and that on July 18, 2002 Mr. Brouillard commenced his representation Mrs. Sumera. Mr. Sumera has also discharged his initial lawyer and on September 12, 2002 retained his current CT Page 15325 lawyers. A cursory review of the May 22, 2002 Family Relations Custody Evaluation does not disclose any contact by Family Relations with Mrs. Boland.
Upon these facts the defendant requests that the court disqualify the plaintiffs lawyer. It is important to note what the defendants motion does not assert. There is no claim that the plaintiffs law firm has ever represented either the defendant or the minor children. As such the strictures of the Rules of Professional Conduct sections 1.7 and 1.9 relating to Conflict of interest and client confidentiality are not implicated. The apparent claim is that somehow the plaintiff will benefit unfairly from her attorney's relationship with Mrs. Boland in the role as a witness.
Since the defendant has not cited any particular Rule of the Code of Conduct to support this motion the court must conduct its own review of the Rules and the cases dealing with attorney disqualification.
Rule 2.1 of the Rules of Professional Conduct requires that a lawyer in representing a client "shall exercise independent professional judgment and render candid advice." The ethical concerns addressed in this section are not raised by the defendant but are considered by the court as a concern. It is important for the plaintiffs lawyer to discuss with his client all the ramifications whether this situation would effect his ability to provide her with his independent professional judgment. Would his ability to effectively cross examine and confront Mrs. Boland be impaired. The resolution of this concern is one for the attorney and his client and would not support the granting of a motion to disqualify.
Rule 3.7(b) provides "A lawyer may act as an advocate in a trial in which another lawyer in the lawyers firm is likely to be call as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9" The notes accompanying Rule 3.7 discuss the difference between the role of a lawyer as an advocate and the role of a lawyer as a witness. The Rule comments suggest that there be an analysis of whether or not the combination of roles may prejudice the opposing parties rights in the litigation. While subsection (b) sanctions the situation where an attorney participates in representation where one of his partners would testify, the comments to that section state that if there is "likely to be substantial conflict between the testimony of the client and that of a member of the lawyer's firm, the representation is improper." While this section does not address the situation of a spouse of an attorney testifying it is helpful to the resolution of the issues presented. If attorney Boland could testify in this case pursuant to Rule 3.7(b) of the Rules of Professional Conduct and not cause the disqualification of his partner and his firm CT Page 15326 then why should his wife's testimony cause a disqualification?
Finally Rule 8.4(3) provides that "It is professional misconduct for a lawyer to: engage in conduct that is prejudicial to the administration of justice." This rule comes closest to the prior Rules of Professional Responsibilities requirement that an attorney to avoid even the appearance of impropriety." It is also the closest in analogy to the primary assertion of the defendants in this motion that the continued representation of the plaintiff by Mr. Brouillard would "risks the public's interest in the scrupulous administration of justice."
It is within the inherent power of the court to control the conduct of attorneys that appear before it. This power is called upon when one party seeks to disqualify the attorney for the party on the basis of the Rules of Professional Conduct.
 The trial court has the authority to regulate the conduct of attorneys and has a duty to enforce the standards of conduct regarding attorneys. State v. Jones, 180 Conn. 443, 448, 429 A.2d 936 (1980), overruled in part, State v. Powell, 186 Conn. 547, 442 A.2d 939 (1982), cert. denied sub nom. Moeller v. Connecticut, 459 U.S. 838, 103 S.Ct. 85, 74 L.Ed.2d 80
(1982). Since October, 1986, the conduct of attorneys has been regulated also by the Rules of Professional Conduct, which were approved by the judges of the Superior Court and which superseded the Code of Professional Responsibility. Williams v. Warden, 217 Conn. 419, 432 n. 5, 586 A.2d 582 (1991). . . . Disqualification of counsel is a remedy that serves to "`enforce the lawyer's duty of absolute fidelity and to guard against the danger of inadvertent use of confidential information.'" Silver Chrysler Plymouth, Inc. v. Chrysler Motors Corporation, 518 F.2d 751, 754 (2d Cir. 1975). In disqualification matters, however, we must be "solicitous of a client's right freely to choose his counsel"; Government of India v. Cook Industries, Inc., 569 F.2d 737, 739 (2d Cir. 1978); mindful of the fact that a client whose attorney is disqualified may suffer the loss of time and money in finding new counsel and "may lose the benefit of its longtime counsel's specialized knowledge of its operations." Id. The competing interests at stake in the motion to disqualify, therefore, are: (1) the defendant's interest in CT Page 15327 protecting confidential information; (2) the plaintiffs' interest in freely selecting counsel of their choice; and (3) the public's interest in the scrupulous administration of justice. Goldenberg v. Corporate Air, Inc., 189 Conn. 504, 507, 457 A.2d 296
(1983), overruled in part, Burger Burger, Inc. v. Murren, 202 Conn. 660, 522 A.2d 812 (1987). Bergeron v. Mackler 225 Conn. 391, 397-8, (1993). See also Briggs v. McWeeney 260 Conn. 296, 310 (2002).
Utilizing the analysis of Macker, the defendant has not raised any claim that Mr. Brouillard or his firm has any confidential information obtained from him through prior representation. The competing interests then lay between the plaintiffs interest to be represented by the attorney of her choice and the "public's interest in the scrupulous administration of justice."
The defendant has not demonstrated to the court that Mr. Brouillard's representation of the plaintiff implicates the "scrupulous administration of justice." or "is prejudicial to the administration of justice." (Rule 8.4(4))
 Unlike Canon 9 under the Code of Professional Responsibility, however, the Rules of Professional Conduct do not expressly state that a lawyer should avoid the appearance of impropriety. Even when Canon 9 was applicable, we rejected the notion that an appearance of impropriety" was alone a sufficient ground for disqualifying an attorney. In State v. Jones, supra, we stated that "the appearance of impropriety alone is "simply too slender a reed on which to rest a disqualification order except in the rarest of cases.' Board of Education of the City of New York v. Nyquist, 590 F.2d 1241, 1247 (2d Cir. 1979)." Id., 452-53; see also State v. Bunkley, supra, 653-54. Although considering the appearance of impropriety may be part of the inherent power of the court to regulate the conduct of attorneys, it will not stand alone to disqualify an attorney Page 400 in the absence of any indication that the attorney s representation risks violating the Rules of Professional Conduct. . . . The standards for attorney disqualification are directed at protecting client confidences. They may not be used to restrict an individual's ability to select counsel of choice on the basis of nothing more than a litigant's subjective perception that another litigant is influencing the proceedings. Bergeron v. Macker supra. at 399-400.
The court is mindful of the comments to Rule 1.7 of the Rules of Professional Conduct — motions to disqualify "should be viewed with caution, however, for it can be misused as a technique of harrassment." CT Page 15328
The defendant's concerns about the relationship between the plaintiffs attorney and his children's teacher may be proper grist for cross examination but not for disqualification. The defendants motion to disqualify is denied.
The Court
Cosgrove CT Page 15328-a